IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § | 2-06-CV-473 |
| APPLIED OPTICAL SYSTEMS, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

NOW COMES, Applied Optical Systems, Inc. ("Applied Optical" or "AOS"), Defendant herein, and hereby responds to the Complaint of Fiber Systems International, Inc. ("Fiber Systems" or "FSI"), as follows:

### I.

### PARTIES

1.  Applied Optical admits the allegations contained in Paragraph 1 of the Complaint.

2.  Applied Optical admits the allegations contained in Paragraph 2 of the Complaint.

### II.

### JURISDICTION AND VENUE

3.  Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Applied Optical denies that this Court has subject matter jurisdiction over each and every claim of infringement alleged by Fiber Systems and denies that Fiber Systems is entitled to any relief it seeks.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Applied Optical admits that to the extent Fiber Systems is not barred by 28 U.S.C. § 1498(a) from maintaining its claims in this Court, venue is proper in this Court pursuant to 28 U.S.C. §§ 1400(b) and 1391(c). Applied Optical denies the remaining allegations in Paragraph 4 of the Complaint.

### III.

### INFRINGEMENT OF U.S. PATENT NO. 6,305,849

Applied Optical repeats and reasserts all responses to Paragraphs 1 through 4 of the Complaint as if they were stated in full herein.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Applied Optical denies that U.S. Patent No. 6,305,849 (the " '849 Patent") entitled "Multi-Channel Fiber Optic Connector" was validly issued. Applied Optical admits that the '849 Patent states on its face that it was issued by the United States Patent and Trademark Office on October 23, 2001, and recites Fiber Systems as the Assignee. Applied Optical further admits that the '849 Patent states on its face that Michael Roehrs, Kerry Whitaker and Daniel Roehrs are the inventors of the '849 Patent. Applied Optical further admits that Exhibit A to the Complaint appears to be a copy of the '849 Patent. Applied Optical denies the remaining allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Applied Optical denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Applied Optical denies the allegations in Paragraph 7 of the Complaint.

8. Applied Optical denies the allegations set forth in Paragraph 8 of the Complaint.

9. Applied Optical denies the allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Applied Optical denies the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent a response is deemed required, Applied Optical denies the allegations in Paragraph 11 of the Complaint.

## IV.

## JURY DEMAND

12. To the extent a response is deemed required, Applied Optical does not object to a trial by jury on all issues so triable, but otherwise objects to Fiber Systems' demand for a jury trial on "all issues".

## V.

## PRAYER FOR RELIEF

Applied Optical denies that Fiber Systems is entitled to any relief whatsoever requested in Paragraphs A through H.

## VI.

## AFFIRMATIVE DEFENSES

Applied Optical asserts the following affirmative and other defenses and reserves the right to amend its Answer, subject to obtaining leave of this Court, as additional information becomes available.

### First Affirmative Defense

Fiber Systems' claims of patent infringement are barred, in whole or in part, in District Court, under 28 U.S.C. § 1498(a) because the allegedly infringing products are used or manufactured by or for the United States, and Fiber Systems' exclusive remedy is an action against the United States in the United States Court of Federal Claims.

### Second Affirmative Defense

Fiber Systems is not entitled to any relief against Applied Optical because Applied Optical has not infringed and is not infringing any valid or enforceable claim of the '849 Patent.

### Third Affirmative Defense

The claims of the '849 Patent are invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, Sections 102, 103 or 112.

### Fourth Affirmative Defense

The '849 Patent is unenforceable against Applied Optical because of estoppel, laches, unclean hands, and/or other applicable equitable doctrines.

### Fifth Affirmative Defense

Upon information and belief, Fiber Systems' claims are unenforceable against Applied Optical because Applied Optical or the United States Government has a license, express or implied, to the '849 Patent.

### Sixth Affirmative Defense

On information and belief, Applied Optical is exempt from liability for infringement, in whole or in part, to the extent that the United States Government has rights in the '849 Patent.

### Seventh Affirmative Defense

This case is an exceptional case under 35 U.S.C. § 285 thereby entitling Applied Optical to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Applied Optical denies that any of its products infringe any valid and/or enforceable claims of the '849 Patent, and seeks an order granting the following relief that:

a. Fiber Systems take nothing by its Complaint and dismiss Fiber Systems' Complaint with prejudice;

b. Pursuant to 35 U.S.C. § 285 and/or other applicable laws, this is an exceptional case and awarding Applied Optical its attorneys' fees and costs incurred in connection with this action; and

c. Granting such other and additional relief to Applied Optical as this Court deems just and proper.

Respectfully submitted,

_____
E. Leon Carter
Texas State Bar No. 03914300
J. Robert Arnett, Jr.
Texas State Bar No. 01332900
Jamil N. Alibhai
Texas State Bar No. 00793248
William A. Munck
Texas State Bar No. 00786127
Robert D. McCutcheon
Texas State Bar No. 00789480

**MUNCK BUTRUS, P.C.**
13155 Noel Road
900 Three Galleria Tower
Dallas, Texas 75240
(972) 628-3600 - Telephone
(972) 628-3616 – Facsimile

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of January, 2007, a true and correct copy of the above and foregoing was served by ECF upon Plaintiff's counsel of record:

Christopher M. Joe
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

_____
E. LEON CARTER

G:\Client Data\AOSI01\11-FSI (Fiber Systems Int'l)\pldg\answer to complaint.doc