IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § | 2:06-CV-473 |
| APPLIED OPTICAL SYSTEMS, INC. | § § § | |
| Defendant. | § | |

### APPLIED OPTICAL SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant and Counterclaimant Applied Optical Systems, Inc. ("AOSI") files its motion for summary judgment, and would respectfully show the Court as follows:

### I.
### INTRODUCTION

The issuance of a reexamination certificate substantially amending the asserted patent claims in this case dramatically changes the landscape and requires summary judgment. The original claims are irrebuttably presumed invalid, and the amended claims can only apply prospectively to acts after the issuance of the reexamination certificate. Therefore, AOSI is entitled to summary judgment on all of the existing claims and to summary judgment for any claims of infringement based upon acts occurring or products manufactured before the date the reexamination certificate was issued. Accordingly, this case should be dismissed with prejudice or, at a minimum limited to acts occurring or products manufactured after March 31, 2009.

## II.
## STATEMENT OF MATERIAL FACTS

1.       Plaintiff Fiber Systems International, Inc. ("FSI") filed this action on November 14, 2006, alleging claims for infringement of United States Patent No. 6,305,849 B1 ("the 849 B1 Patent").[1]

2.       Pursuant to its infringement contentions, FSI alleges that AOSI's fiber optic connector assembly M83526 infringed claims 1 through 6 of the '849 B1 Patent. Claim 1 is the only independent claim asserted, and claims 2 through 6 all depend upon claim 1.[2]

3.       On January 11, 2007, AOSI filed an ex parte request for reexamination of claims 1 through 6 of the '849 B1 Patent with the United States Patent and Trademark Office ("PTO").[3]

4.       The PTO granted the request for reexamination on March 8, 2007, finding substantial new questions of patentability had been raised.[4]

5.       On August 22, 2008, the PTO issued an office action rejecting claims 1 through 6 of the '849 B1 Patent, based upon the following prior art references: (1) U.S. Patent No. 5,000,536 to Anderson, et al.; (2) FSI Product Catalog published February 3, 1997; (3) MIL-C-83526/1A published June 30, 1989; and (4) MIL-C-83526/12(CR) published June 9, 1989.[5]

6.       The PTO rejected claims 1 through 4 and 6 as unpatentable over the Anderson patent.[6]  The PTO further rejected claims 1 through 4 and 6 as unpatentable over the Anderson patent in view of either the FSI catalog or MIL-C-83526/1A.[7] The PTO further rejected claim 5 as

---

[1] Plaintiff Fiber Systems International Inc.'s Original Complaint for Patent Infringement [Doc. 1].
[2] Plaintiff's Disclosure of Asserted Claims and Infringement Contentions, attached hereto as Exhibit A.
[3] Request for *Ex Parte* Reexamination, attached hereto as Exhibit B.
[4] Order Granting Request for *Ex Parte* Reexamination, attached hereto as Exhibit C, at 2.
[5] Office Action in *Ex Parte* Reexamination, attached hereto as Exhibit D, at 4.
[6] *Id.*, at 7-12.
[7] *Id.*, at 13-18.

unpatentable over the Anderson patent in view of the FSI catalog.[8] The PTO further rejected claims 1 through 6 as unpatentable over the FSI catalog in view of either the Anderson patent or MIL-C-83526/12(CR).[9]

7. FSI filed its amendment and response to office action with the PTO on October 15, 2008, proposing amendments to claim 1.[10] Claim 1 (and claims 2 through 6 by virtue of their dependence on claim 1) was substantially amended as follows (additions underlined and deletions bracketed):

> 1. (Amended) A multi-channel fiber optic cable connector for connecting the terminal ends of two multi-channel fiber optic cables having termini of respective ones of multiple optical fibers included within said cables, the connector comprising:
>
> (a)(i) a first housing having <u>a first insert cap tower, wherein the first insert cap comprises</u> a first connector face, a first insert cap tower [with] <u>and</u> two tangs;
>
> (a)(ii) <u>wherein the first insert cap tower and the two first tangs</u> [which] extend forward of said first connector face;
>
> (a)(iii) <u>wherein</u> said two first tangs and said first insert cap tower are spaced apart to extend forward of said first connector face in a keyed arrangement for reciprocally engaging a second housing;
>
> (a)(iv) <u>wherein the second housing includes</u> [having] a <u>second insert cap that includes a</u> second insert cap tower [with] <u>and</u> two second tangs,
>
> (a)(v) <u>wherein</u> said two first tangs [fitting] <u>fit</u> adjacent to the second insert cap tower, said first insert cap tower [fitting] <u>fits</u> adjacent to the second insert cap tower and the second tangs, and
>
> (a)(vi) <u>wherein</u> said first connector face [fitting] <u>fits</u> against a second forward surface of the second insert cap tower;
>
> (b) said first insert cap tower having two interior passages which define first insert cap tower cavities within which are disposed respective ones of a first pair of said termini; [and]

---

[8] *Id.*, at 19.
[9] *Id.*, at 20-24.
[10] Amendment and Response to Office Action, attached hereto as Exhibit E.

**APPLIED OPTICAL SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT**  **Page 3**

   (c) said first connector face having a pair of interior passages which define two first connector face cavities which are disposed between said first insert cap tower and said two first tangs, form which respective ones of a second pair of said termini extend;

   (d)(i) a main body sleeve and an inner assembly at least partially disposed within main body sleeve;

   (d)(ii) wherein the inner assembly comprises an insert body and an inner sleeve;

   (d)(iii) wherein the insert body is interlocked to the inner sleeve to form a single fixed structure; and

   (d)(iv) wherein the single fixed structure is slidable within the main body sleeve along a long axis of the main body sleeve. [11]

8. FSI stated in its amendment and response that it had amended claim 1 to include limitations of an inner assembly comprising an insert body and an inner sleeve that were interlocked to form a single fixed structure that was slidable within the main body sleeve (reflected in claim elements (d)(i) through (d)(iv) above) in order to distinguish the prior art of record, which according to FSI did not disclose, teach or suggest those added claim elements.[12]

9. The PTO issued its notice of intent to issue ex parte reexamination certificate on December 19, 2008.[13] The examiner stated that the amended claim 1 was patentable because:

> the prior art of record fails to disclose or make obvious the inclusion of the limitation that the insert body 164 is interlocked to the inner sleeve 132 to form a single fixed structure and the single fixed structure is slidable within the main body sleeve 42 along a long axis of the main body sleeve. The inclusion of this limitation defines patentability over the prior art of record because it defines a distinguished structure of the claimed fiber optic cable which is not taught or make obvious by the prior art of record, alone or in combination.[14]

---

[11] *Id.*, at 3-4.
[12] *Id.*, at 18.
[13] Notice of Intent to Issue *Ex Parte* Reexamination Certificate, attached hereto as Exhibit F.
[14] *Id.*, at 2.

10. The PTO issued a reexamination certificate for United States Patent No. 6,305,849 C1 ("the '849 C1 Patent") on March 31, 2009, approving the amendments to claim 1 (and to claims 2 through 6 by virtue of their dependence on claim 1).[15]

### III.
### ARGUMENTS AND AUTHORITIES

**A.     Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The initial burden of showing that there is no genuine issue of fact rests on the moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). To defeat a motion for summary judgment, the non-moving party must demonstrate that the evidence is such that a reasonable jury could return a verdict in its favor. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 381 (5th Cir. 1998).

The party opposing the motion must present competent summary judgment evidence of the existence of a genuine fact issue. *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 907 (E.D. Tex. 2005), citing, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Thus, the non-moving party bears the burden to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial," and mere "metaphysical doubt as to the material facts" is insufficient to discharge the non-moving party's burden. *Celotex*, 477 U.S. at 324 (internal quotations omitted); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

---

[15] *Ex Parte* Reexamination Certificate, attached hereto as Exhibit G.

Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Soverain*, 383 F. Supp. 2d at 907, citing, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), and *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.) cert. denied, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim. *Soverain*, 383 F. Supp. 2d at 907, citing, *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; instead, the non-moving party must introduce some significant probative evidence tending to refute the movant's evidence. *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 216 (5th Cir. 1998). Summary judgment should be granted if the evidence put forth by the non-movant is merely colorable or is not significantly probative. *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999).

**B.     AOSI Is Entitled To Summary Judgment**

The effect of the issuance of a reexamination certificate is governed by U.S.C. § 307(b), which provides:

> (b) Any proposed amendment or new claim determined to be patentable and incorporated into a patent following a reexamination proceeding will have the same effect as that specified in section 252 of this title for reissued patents on the right of any person who made, purchased, or used within the United States, or imported into the United States, anything patented by such proposed amended or new claim, or who made substantial preparation for the same, prior to issuance of a certificate under the provisions of subsection (a) of this section.

The pertinent provision of 35 U.S.C. § 252 (which pertains to reissued patents) incorporated and made applicable to reexamined patents by 35 U.S.C. § 307(b), states:

> A reissued patent shall not abridge or affect the right of any person or that person's successors in business who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, or imported into the United States, anything patented by the reissued patent, to continue the use of, to offer to sell, or to

sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported unless the making, using, offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent.

Sections 307 and 252 shield from liability those who infringe a patent invalidated during reexamination. *See Bloom Engineering, Co., Inc. v. North American Mfg. Co., Inc.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). If the patentee cures the infirmity by making substantive changes in the claims, an irrebuttable presumption is created that the original claims were invalid. *Neupak, Inc. v. Ideal Manufacturing and Sales Corp.*, 41 Fed. Appx. 435, 442 (Fed. Cir. 2002); *Bloom*, 129 F.3d at 1249. Thus, the statutes' combined effect is to relieve from liability those who may have infringed the original claims during the period before the claims were validated by issuance of the reexamination certificate. *Neupak*, 41 Fed. Appx. at 442; *Bloom*, 129 F.3d at 1249.

Unless a claim granted or confirmed upon reexamination is identical to an original claim, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate. *Bloom*, 129 F.3d at 1250; *Engineered Data Products, Inc. v. GBS Corp.*, 506 F. Supp. 2d 461, 466-67 (D. Colo. 2007); *Abbey v. Bill Ussery Motors, Inc.*, 74 F. Supp. 2d 1217, 1220 (S.D. Fla.), aff'd, 217 F.3d 853 (Fed. Cir. 1999), cert. denied, 529 U.S. 1009 (2000). "Identical" does not mean verbatim, but means without substantive change. *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1997); *Bloom*, 129 F.3d at 1250; *Engineered Data*, 506 F. Supp. 2d at 467. If substantive changes have been made to the original claims during reexamination, the patentee is entitled to infringement damages only for the period following issuance of the reexamination certificate. *Neupak*, 41 Fed. Appx. at 442; *Abbey v. Robert Bosch GmbH*, 217 F.3d 853 (Table) **3 (Fed. Cir. 1999), cert. denied, 529 U.S. 1009 (2000); *Laitram*, 163 F.3d at 1346; *Aspex Eyewear, Inc. v. Elite Optik, Inc.*, 552 F. Supp. 2d 620, 624 (N.D. Tex. 2008). Whether the

amended claims are identical in scope to the original claims is a question of law. *Laitram*, 163 F.3d at 1346-47.

Changes made during reexamination to distinguish the invention from newly cited prior art, and changes that narrow and limit the claims in view of that prior art, constitute substantive changes in claim scope. *Abbey*, 217 F.3d 853 (Table) at **3; *Bloom*, 129 F.3d at 1251. If the reexamined claim adds a limitation not present in the original claim, the two claims are not substantially identical. *Aspex Eyewear*, 552 F. Supp. 2d at 625; *Linear Technology*, 524 F. Supp. 2d at 1162. Further, where a plain reading of the claims indicates that the original and reexamined claims are of different scope, the reexamined claims are not legally identical. *Laitram*, 163 F.3d at 1348.

Further, Section 252 (as incorporated by Section 307) provides an accused infringer with an "absolute" right to use or sell a product that was made, used, or purchased before the issuance of the reexamination certificate, so long as this activity does not infringe a claim of the reexamined patent that was in the original patent. *BIC Leisure Products, Inc. v. Windsurfing International, Inc.*, 1 F.3d 1214, 1220-21 (Fed. Cir. 1993); *Engineered Data*, 506 F. Supp. 2d at 468. So long as the use or sale of the accused product does not infringe a claim of the reexamined patent that also was in the original patent, the patentee has no recourse under the Patent Act. *BIC Leisure*, 1 F.3d at 1221; *Linear Technology Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147, 1156 (N.D. Cal. 2005). Products made before the date of the reexamination certificate are absolutely free of the reexamined patent and may be used or sold after the date of the reexamination certificate without liability. *BIC Leisure*, 1 F.3d at 1221.

Here, FSI narrowed claim 1 by adding limitations requiring an inner assembly comprising an insert body and an inner sleeve that were interlocked to form a single fixed structure that was slidable within the main body sleeve. The newly added limitations, numbered (d)(i) through (d)(iv)

of amended claim 1, address subject matter not even mentioned by the original claim 1. FSI expressly stated that these newly added limitations distinguished its claimed invention over the prior art of record cited in the reexamination proceeding. The patent examiner stated that the inclusion of these limitations rendered the amended claim patentable over the prior art of record, which prior art had formed the grounds for the patent examiner's initial rejection of the original claims. As a matter of law, amended claim 1 is not substantially identical to the original claim 1.

A number of legal consequences follow from this fact. First, there is an irrebuttable presumption that claims 1 through 6 of the '849 B1 Patent are invalid, and therefore FSI is entitled to no relief based upon alleged infringement of those claims. Because FSI's complaint only alleges infringement of the '849 B1 Patent, AOSI is entitled to summary judgment on all of FSI's claims.

Second, even if FSI is permitted to amend its complaint to allege infringement of the '849 C1 Patent, FSI cannot recover for any alleged acts occurring before March 31, 2009. Accordingly, AOSI is entitled to summary judgment for any claims of infringement based upon any acts occurring before March 31, 2009.

Third, AOSI has an "absolute" right to use or sell a product that was made, used, or purchased before the issuance of the reexamination certificate. Thus, AOSI is entitled to summary judgment for any claims of infringement based upon any product made before March 31, 2009. Specifically, AOSI cannot be liable for infringement based upon any product that it manufactured before March 31, 2009.

In sum, the issuance of the reexamination certificate moots FSI's current claims, and dramatically limits the issues going forward if FSI amends its complaint to assert the '849 CI Patent. Specifically, whether AOSI's products manufactured and/or sold before March 31, 2009 did or did not infringe the '849 BI Patent is irrelevant because AOSI is statutorily shielded from any liability

based upon such products. Similarly, whether AOSI's sales before March 31, 2009 were covered by the immunity of 28 U.S.C. § 1498a has been rendered moot because FSI has no claims based upon those products.

## IV.
## CONCLUSION

WHEREFORE, AOSI respectfully requests that this Honorable Court grant its motion for summary judgment, dismiss the claims against it with prejudice, or alternatively grant it summary judgment on all claims based upon acts occurring or products manufactured before March 31, 2009, and for such other relief as the Court finds just and equitable.

Respectfully submitted, this 3rd day of April, 2009.

/s/ J. Robert Arnett II
E. Leon Carter
Texas State Bar No. 03914300
J. Robert Arnett II
Texas State Bar No. 01332900
William A. Munck
Texas State Bar No. 00786127
Robert D. McCutcheon
Texas State Bar No. 00789480
**MUNCK CARTER, LLP**
12770 Coit Road
600 Banner Place Tower
Dallas, Texas 75251
(972) 628-3600 - Telephone
(972) 628-3616 - Facsimile

**ATTORNEYS FOR DEFENDANT
APPLIED OPTICAL SYSTEMS, INC**.

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on April 3, 2009, a true and correct copy of the above and foregoing was served via ECF-electronic mail upon Plaintiff's counsel of record:

Christopher M. Joe  
Peter S. Wahby  
Greenberg Traurig, LLP  
2200 Ross Avenue, Suite 5200  
Dallas, Texas 75201

                                            */s/ J. Robert Arnett II*  
                                            J. Robert Arnett II