IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **FIBER SYSTEMS INTERNATIONAL, INC.,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.** |
| vs. | § § | **2:06-CV-473** |
| **APPLIED OPTICAL SYSTEMS, INC.** | § § § | |
| **Defendant.** | § § | |

**APPLIED OPTICAL SYSTEMS, INC.'S REPLY IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Applied Optical Systems, Inc. ("AOSI") files its Reply in Support of its Motion for Summary Judgment, and would show the Court as follows:

**I.**

**INTRODUCTION**

AOSI is entitled to summary judgment on all claims of infringement based upon acts occurring or products manufactured before the date the reexamination certificate was issued (March 31, 2009) for the patent-in-suit ("the '849 Patent"). As demonstrated in AOSI's motion, Fiber Systems International, Inc. ("FSI") substantially amended the only independent claim asserted against AOSI during the reexamination proceedings by adding multiple limitations to the claim. Accordingly, under 35 U.S.C. § 252 (as incorporated by 35 U.S.C. § 307) FSI has no claim of infringement based on acts occurring before the issuance of the reexamination certificate, and AOSI has an "absolute" right to make, offer to sell, or sell products made, used, or purchased before the issuance of the reexamination certificate.

FSI does not attempt to create any genuine issue regarding any of the material undisputed facts set forth by AOSI in support of its motion. FSI does not attempt to argue that its amended claim 1 is legally identical to its original claim 1. FSI does not dispute the controlling case law cited by AOSI in support of its motion. Thus, FSI has conceded that it has no claim for infringement based upon its original patent, and that its reexamined patent has only prospective effect, if any, in this case. Nonetheless, FSI opposes summary judgment based on specious arguments. FSI's arguments should be disregarded and summary judgment should be granted.

## II.

## ARGUMENTS

Where a patentee substantively amends its claims during reexamination, three important consequences follow. First, upon issuance of the reexamination certificate, the original claims are conclusively presumed to have been invalid. *Bloom Engineering, Co., Inc. v. North American Mfg. Co., Inc.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). Second, the patent cannot be enforced against infringing activity that occurred before issuance of the reexamination certificate. *Bloom*, 129 F.3d at 1250. Third, an accused infringer has an "absolute" right to use or sell a product that was made, used, or purchased before the issuance of the reexamination certificate, so long as this activity does not infringe a claim of the reexamined patent that was in the original patent. *BIC Leisure Products, Inc. v. Windsurfing International, Inc.*, 1 F.3d 1214, 1220-21 (Fed. Cir. 1993). FSI does not challenge this controlling law.

In its motion for summary judgment, AOSI submitted evidence establishing that:

1. FSI asserted only claims 1 through 6 of the original '849 Patent in this lawsuit;

2. Claim 1 was the only independent claim and claims 2 through 6 were dependent upon claim 1;

3. The PTO rejected claims 1 through 6 in its initial office action in the reexamination proceeding;

4. FSI substantively amended claim 1 by adding numerous limitations not present in the original claim 1 in order to distinguish the amended claim over the prior art of record;

5. The PTO found that the inclusion of the added limitations rendered the amended claim patentable over the prior art of record; and

6. The PTO issued a reexamination certificate on March 31, 2009, approving the amendments to claim 1 (and to claims 2 through 6 by virtue of their dependence upon claim 1).

FSI has made no attempt to challenge any of the foregoing material facts. Accordingly, as a matter of law, the original claims 1 through 6 are invalid, the reexamined '849 Patent cannot be enforced against any alleged infringing activity that occurred before March 31, 2009, and AOSI has an absolute right to use or sell any product that was made, used, or purchased before March 31, 2009. Accordingly, AOSI is entitled to summary judgment.

In an effort to stave off summary judgment and prolong this litigation, FSI makes several specious arguments. First, FSI argues that AOSI must specifically identify every act of alleged infringement occurring prior to March 31, 2009, citing three cases. None of these cases remotely stands for FSI's proposition, which on its face is errant nonsense. In the first cited case, the defendant *abandoned at trial* the defense of intervening rights and the appellate court rejected its attempt to resurrect the defense. *Windsurfing International, Inc. v. AMF, Incorporated*, 782 F.2d 995, 1003 (Fed. Cir. 1986). The court made no comment regarding what facts might have been required to establish the defense. *Id.*

The second cited case actually defeats FSI's argument. The court there made clear that the "one central question" on cross-motions for summary judgment on the issue of intervening rights was whether the amendments to the claim during reexamination substantively changed the scope of the claim. *Intest Corp. v. Reid-Ashman Manufacturing, Inc.*, 66 F. Supp. 2d 576, 584 (D. Del. 1999). After analyzing the "relevant inquiry," i.e., the scope and meaning of the original claim as compared to the reexamined claim, the court granted the defendant's motion for summary judgment and denied the plaintiff's cross-motion. *Id.* at 584-88. The court did not impose any requirement on the defendant to specifically identify each and every act of alleged infringement or find it necessary to even address that subject. *Id.*

The third case cited by FSI is in line with the *Intest* case. That case involved intervening rights obtained by the alleged infringer when the original patent lapsed for nonpayment of maintenance fees and was later reissued. *Utecht v. Olson*, 84 F. Supp. 2d 1039, 1042 (D. Minn. 2000). The court denied without prejudice the alleged infringer's motion for summary judgment to permit additional discovery, and specifically described the needed discovery as follows:

> Both absolute and equitable intervening rights under Section 252 require a difference in claim scope between the original and reissue patents. *See* 35 U.S.C. § 252. This would require the Court to construe the claims of both the '806 and '814 patents in ascertaining their scope, to read the claims on the accused products, to establish the relevant dates associated with the allegedly infringing activities for determining absolute intervening rights under Section 252, and to determine whether equitable relief is necessary to protect any investment by Utecht and Protect.[1]

---

[1] The court in *Utecht* was considering both absolute intervening rights and equitable intervening rights. AOSI is only asserting absolute intervening rights at this time. Additionally, the situation in the case at bar contrasts with that in *Utecht*, where intervening rights applied to a window of time between the lapse of the original patent and the reissuance of the patent. Here, the only relevant date is March 31, 2009, and any acts occurring and any products made before

*Id.* at 1043. As in *Intest*, the court in *Utecht* focused on the differences between the original claims and the amended claims.

Here, the necessary evidence to compare the original claims and the amended claims is before the Court and FSI does not challenge the fact that the amended claim is substantively different from the original claim. Further, the relevant date is conclusively established as March 31, 2009, by the reexamination certificate, which is in evidence. FSI cannot prevail on any claim based on any alleged act of infringement occurring before March 31, 2009. This situation is analogous to claims barred by the statute of limitations. AOSI is entitled to summary judgment as to FSI's claims based upon any and all acts occurring before March 31, 2009. For each and every act of AOSI in making, selling, or offering for sale before that date, FSI has no claim. Whether the act occurred on March 30, 2005, or March 30, 2009, or anywhere in between, is irrelevant and immaterial to the issue to be decided.

FSI's other argument based on *Shockley v. Arcan, Inc.*, 248 F.3d 1349 (Fed. Cir. 2001) is equally specious. FSI has no claim of infringement based upon any act by AOSI before March 31, 2009, including any offer for sale made before that date. An offer for sale can be an independent act of infringement, whether a sale is actually consummated or not. 35 U.S.C. § 271(a). Thus, AOSI is entitled to summary judgment with respect to any and all ***offers*** it made before March 31, 2009. Additionally, AOSI has an absolute right to sell any product in existence before March 31, 2009. The issue in *Shockley* was whether an ***offer for sale made prior*** to the

---

that date – no matter how long before – are protected by absolute intervening rights. In other words, at no point prior to March 31, 2009, could any act by AOSI give rise to a claim of infringement.

...

reissue date could insulate a *sale made after* the reissue date of *products manufactured after* the reissue date. *Id.* at 1360. The court held that the importation and sale of the products *manufactured after* the reissue date were not protected by absolute intervening rights. *Id.* The court did not hold, contrary to FSI's distortion of the opinion, that the offer for sale itself, which was made prior to the reissue date, was actionable as an act of infringement. *Id.*

Finally, FSI's argument under Rule 56(f) fails. A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. *Cook Children's Medical Center v. New England PPO Plan of General Consolidated Management, Inc.*, 491 F.3d 266, 273 n. 6 (5th Cir. 2007), cert. denied, 128 S.Ct. 1223, 170 L.Ed.2d 60 (2008); *Baker v. American Airlines*, 430 F.3d 750, 756 (5th Cir. 2005). To justify a continuance under Rule 56(f), FSI must demonstrate (1) why it needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact. *Stearns Airport Equipment Co. v. FMC Corp.*, 170 F.3d 518, 534-35 (5th Cir. 1999).

FSI does not need discovery into the "nature" or "total numbers" of connectors AOSI made, used, sold, or offered for sale prior to March 31, 2009, because each and every one of those acts cannot constitute infringement. FSI's Rule 56(f) affidavit wholly fails to show how such discovery will likely create a genuine issue of material fact, and FSI cannot make any such showing. Indeed, such discovery is irrelevant and immaterial. All connectors – each and every one – AOSI made, used, sold, or offered for sale prior to March 31, 2009, cannot provide the basis for an infringement claim regardless of the "nature" or the "total numbers" of connectors involved. Put differently, FSI has no claim based on any act occurring before March 31, 2009,

whether the products involved were plugs or receptacles, whether they were black or olive drab, whether they were designated TFOCA-II style connectors or bore some other designation, and whether the act involved one or 1,000 products. These details simply have no bearing on the issue before the Court.[2]

Put frankly, FSI's argument is another attempt to artificially prolong this litigation, to drag AOSI through expensive discovery on meritless claims, and to eliminate AOSI as a competitor in the marketplace through bad faith litigation. These tactics should not be rewarded, and summary judgment should be granted.

### III.

### CONCLUSION

WHEREFORE, AOSI respectfully requests that this Honorable Court grant its motion for summary judgment, dismiss the claims against it with prejudice, or alternatively grant it summary judgment on all claims based upon acts occurring or products manufactured before March 31, 2009, and for such other relief as the Court finds just and equitable.

---

[2]Moreover, FSI fails to explain why it cannot come forward with relevant evidence notwithstanding that it already has received through discovery every purchase order (and many associated documents) for every allegedly infringing product sold by AOSI from its inception through November 2008.

Respectfully submitted, this 5th day of May, 2009.

/s/ J. Robert Arnett II
E. Leon Carter
Texas State Bar No. 03914300
lcarter@munckcarter.com
J. Robert Arnett II
Texas State Bar No. 01332900
barnett@munckcarter.com
William A. Munck
Texas State Bar No. 00786127
wmunck@munckcarter.com
Robert D. McCutcheon
Texas State Bar No. 00789480
rmccutcheon@munckcarter.com
MUNCK CARTER, LLP
12770 Coit Road
600 Banner Place Tower
Dallas, Texas 75251
(972) 628-3600 - Telephone
(972) 628-3616 - Facsimile

**ATTORNEYS FOR DEFENDANT
APPLIED OPTICAL SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2009, a true and correct copy of the above and foregoing was served via ECF-electronic mail upon Plaintiff's counsel of record:

Christopher M. Joe
Peter S. Wahby
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

/s/ J. Robert Arnett II
J. Robert Arnett II