IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 2-06-CV-473 |
| APPLIED OPTICAL SYSTEMS, INC., | § § | |
| Defendant. | § § | |

## FIBER SYSTEMS INTERNATIONAL, INC.'S OPPOSED MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ORIGINAL COMPLAINT

Plaintiff Fiber Systems International, Inc. ("Plaintiff" or "FSI") files its Opposed Motion for Leave to File its Second Amended Original Complaint and respectfully requests permission to file with the Court the attached Second Amended Original Complaint.

1. Pursuant to the agreement of the parties, as reflected in the Amended Docket Control Order, Plaintiff served on June 3, 2009, its Second Updated Disclosure of Asserted Claims and Infringement Contentions ("Second Disclosure") pursuant to Patent Rules 3-1 and 3-2 and filed its Notice of Compliance with the Court. See Docket No. 226. FSI's Second Disclosure incorporates certain developments since the publication of the reexamined patent certificate on March 31, 2009: specifically, FSI's infringement contentions against AOS's most recent attempts to develop an alleged design around connector.

2. By this motion, FSI seeks to amend its First Amended Original Complaint only to mirror its Second Disclosure and incorporate its infringement allegations against each of AOS's failed attempts to allegedly design around the patent in suit. Because there is no undue delay,

bad faith or dilatory motive, FSI respectfully requests that it be granted leave pursuant to FED. R. CIV. P. 15 to amend its complaint and file its Second Amended Original Complaint, attached hereto as Exhibit 1.

3. As the Fifth Circuit has long held, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.' It evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981). This is designed to "permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Permitting amendment is especially appropriate when it will achieve the purposes of FED. R. CIV. P. 1, wherein the overriding consideration is that "(t)hese rules . . . shall be construed to secure the just, speedy and inexpensive determination of every action." Denying leave to amend violates that directive when the plaintiff's alternative recourse is simply to file a new action. *See, e.g., Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 599. Therefore, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial of leave to amend. *See Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69, 75 (5th Cir. 1961).

4. The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. *See, e.g., Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d at 598. Without any such showing, Rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. *See id.*

5. There is no blanket rule regarding the exact timing regarding when a movant must seek leave to amend or otherwise waive such relief. *See, e.. g., Sherman v. Hallbauer*, 455 F.2d 1236 (5th Cir. 1972). To the contrary, a pleading amendment can be appropriate as late as trial or even after trial. *See, e.g.,* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1488 (1971); *see also* FED. R. CIV. PRO. 15(b). For example, the Fifth Circuit has permitted the amendment of a complaint when the case was remanded to the district court, having already been tried and appealed. *See Galvan v. Bexar County, Texas*, 785 F.2d 1298 (5th Cir. 1986).

6. There is no undue delay, bad faith or dilatory motive on the part of FSI to preclude the filing of its Second Amended Original Complaint. To the contrary, FSI's Rules 3-1 and 3-2 contentions were only recently due, and were timely served on AOS before this requested amendment. Specifically, after the publication of the reexamination certificate, FSI served AOS with its infringement contentions against AOS's original infringing connector and first alleged design around (*i.e.*, the "EZ-Mate") on May 12, 2009, pursuant to the agreement of the parties. Thereafter, AOS produced to FSI another alleged design around for the first time on May 12, 2009, and FSI responded with its infringement contentions against that device on June 3, 2009, again pursuant to the agreement of the parties. Because FSI has timely disclosed its infringement contentions, and now only seeks to amend its complaint to ensure that it incorporates its allegations against each of AOS's recently-disclosed connectors, there is no undue delay, bad faith or dilatory motive relating to FSI's motion for leave.

7. Nonetheless, Defendant AOS is opposed to the relief requested in this Motion for Leave.

8. Accordingly, Plaintiff respectfully requests that the Court grant this opposed motion and accept for filing Plaintiff's Second Amended Original Complaint.

Dated: June 9, 2009.                                Respectfully submitted,

                                                 **GREENBERG TRAURIG, LLP**

                                                 By:  /s/ Peter S. Wahby
Christopher M. Joe
Lead Attorney
State Bar No. 00787770
Email: joec@gtlaw.com
Hugh E. Hackney
State Bar No. 08670000
E-mail: hackneyh@gtlaw.com
Brian A. Colao
State Bar No. 007935278
E-mail: colaob@gtlaw.com
Peter S. Wahby
State Bar No. 24011171
E-mail: wahbyp@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:   (214) 665-3600
Facsimile:   (214) 665-5904

*ATTORNEYS FOR PLAINTIFF*
*FIBER SYSTEMS INTERNATIONAL, INC.*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel to Defendant Applied Optical Systems, Inc. on June 2, 2009 and June 3, 2009, and opposing counsel confirmed that Defendant is opposed to the relief requested herein. Therefore, this motion is being presented as opposed.

                                              /s/ Peter S. Wahby
                                              Peter S. Wahby

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system on this the 9th day of June, 2009.

                                              /s/ Peter S. Wahby
                                              Peter S. Wahby