## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **FIBER SYSTEMS INTERNATIONAL, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **CIVIL ACTION NO. 2-06-CV-473** |
| **APPLIED OPTICAL SYSTEMS, INC.,** | § § § | |
| **Defendant.** | § § | |

## FSI'S MOTION FOR SUMMARY JUDGMENT
## ON AOS'S DEFENSES AND COUNTERCLAIMS

Fiber Systems International, Inc. ("FSI") files this Motion for Summary Judgment as to AOS's Third, Fourth, Fifth, and Ninth Affirmative Defenses and First, Second, Third, and Fourth Counterclaims because there is no evidence in support of any of these defenses or causes of action, and therefore there is no genuine issue of material fact. As such, FSI respectfully requests, pursuant to FED. R. CIV. P. 56(b), that judgment be entered as a matter of law dismissing each of these aforementioned defenses and causes of action.

### INTRODUCTION

AOS has asserted four affirmative defenses and four counterclaims against FSI, but AOS has failed to adduce evidence in support of each element of these eight defenses or claims.

Specifically, AOS's Third Affirmative Defense of patent invalidity lacks any admissible, let alone clear and convincing, evidence in support of AOS's allegations that the asserted claims of the '849 patent are anticipated, obvious, or fail for enablement.

In addition, AOS's Fourth Affirmative Defense of inequitable lacks any evidence that FSI knew of any withheld material information or of the falsity of the material misrepresentation, and also withheld or misrepresented this information with a specific intent to deceive the PTO.

AOS's Fifth Affirmative Defense claiming that FSI cannot enforce the '849 patent against AOS because AOS has an express or implied license is unsupported by any evidence and conflicts with AOS's own allegations that FSI seeks to litigate AOS "to death."

AOS's Ninth Affirmative Defense alleging that the asserted claims of the '849 are impermissibly broader as a result of the reexamination fails for a total lack of evidence.

Moreover, each of AOS's counterclaims similarly fail for a complete lack of evidence to support one or more element of each.   In particular, AOS cannot establish that FSI has committed any antitrust violation, or engaged in any actual fraud upon the PTO through factual misrepresentations or factual omissions.  In addition, AOS possesses no evidence that FSI has engaged in predatory or anticompetitive conduct.  To the contrary, AOS has repeatedly claimed that it maintains the right to sell, unimpeded to or for the Government, and as evidenced by FSI's Motion for an Order to Show Cause, AOS continues to make commercial sales unimpeded.

AOS's Second Counterclaim for unfair competition similarly fails because, in fact, FSI's representations that its TFOCA-II® are covered by the '849 patent were, and remain, completely true.  Because AOS has no evidence to the contrary, it cannot prevail on its Second Counterclaim for unfair competition.

AOS's Third Counterclaim for patent misuse fails as a matter of law because even if there is evidence to support AOS's allegation that FSI contacted customers to notify them of the litigation, merely advising customers of pending litigation and the claims being resolved therein

cannot rise to an "anticompetitive effect." As a result, FSI is entitled to judgment as a matter of law on AOS's Third Counterclaim.

And AOS's Fourth Counterclaim for fraud and negligent misrepresentation fails for a lack of evidence because AOS cannot establish that FSI made any material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, and that such a misrepresentation was intended to be acted upon, which AOS relied upon, and which also caused AOS injury.

As set forth in detail below, FSI respectfully requests that it be granted judgment as a matter of law against AOS's Third, Fourth, Fifth, and Ninth Affirmative Defenses and First, Second, Third, and Fourth Counterclaims because there is no evidence in support of any of these defenses or causes of action, and therefore there is no genuine issue of material fact.

## I.  APPLICABLE LEGAL STANDARD

In a motion for summary judgment, the burden usually is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Hutchison v. Brookshire Bros., Ltd.*, 284 F.Supp.2d 459, 465 (E.D. Tex. 2003). Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.; Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). As the Supreme Court has held: "the burden on the moving party may be discharged by 'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the movant meets its burden, the non-movant must show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)).  Because AOS cannot come forward with any such evidence in support of its Third, Fourth, Fifth, and Ninth Affirmative Defenses or in support of its First, Second, Third, and Fourth Counterclaims, FSI respectfully requests that it be granted judgment as a matter of law on each aforementioned affirmative defense and counterclaim, and that each be dismissed with prejudice in their entirety.

## II.   THERE IS NO EVIDENCE TO SUPPORT AOS'S THIRD AFFIRMATIVE DEFENSE OF PATENT INVALIDITY

AOS asserts in its Third Affirmative Defense that FSI's '849 patent is invalid on the grounds of anticipation, obviousness and enablement.[1]  It is well-settled that courts presume claims within issued patents are valid and will only invalidate a patent claim if the party that seeks to invalidate the claim shows by clear and convincing evidence that the claim is invalid. 35 U.S.C. § 282; *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) ("[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise.").  Because AOS attacks on the patent's validity only rely on prior art that the Patent and Trademark Office

---

[1] Because AOS has abandoned its affirmative defense that the patent is invalid pursuant to 35 U.S.C. § 116, and no such ground for invalidity was included in AOS's invalidity contentions served pursuant to P. R. 3-3, that ground is omitted from this motion.  If AOS attempts to revive that baseless defense, it too fails for the same reasons set forth above.

("PTO") Examiner considered during the reexamination that favorably concluded on March 31, 2009, with the issuance of a reexamination certificate confirming the claims patentable (as amended), AOS bears the added burden to overcome the presumption that the PTO properly examined the claim. *See, e.g., PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1366 (Fed. Cir. 2007); *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1560 (Fed. Cir. 1986).

> **a.    AOS has no evidence in support of its affirmative defense that the '849 patent is invalid due to anticipation**

AOS has served invalidity contentions pursuant to P. R. 3-3 wherein it claims that the asserted claims of the '849 patent are invalid as being anticipated until 35 U.S.C. § 102(b). *See* Exhibit A at 3. As the Court is well aware, a patent claim is invalid if "the invention was patented or described in a printed publication in this or a foreign country . . . more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). Similar to the legal test for literal infringement, a printed publication anticipates a patent claim if the publication discloses every element of the claim, either explicitly or inherently. *Impax Labs ., Inc. v. Aventis Pharm. Inc.*, 468 F.3d 1366, 1381 (Fed. Cir. 2006). To prove a printed publication inherently discloses a claim element, the movant must show "the prior art [disclosed in the publication] necessarily functions in accordance with, or includes, the claim [element]." *MEHL/Biophile Int'l Corp. v. Milgraum*, 192 F.3d 1362, 1365 (Fed. Cir. 1999). Ultimately, a skilled artisan's interpretation of the printed publication's disclosure determines whether the publication discloses each claim element, and a printed publication will anticipate a patent claim if one skilled in the art of the invention could combine the publication's disclosure with his own knowledge and possess the claimed invention as a result. *In re Elsner*, 381 F.3d 1125, 1128 (Fed. Cir. 2004) (quoting *In re LeGrice*, 49 C.C.P.A. 1124, 301 F.2d 929, 936 (C.C.P.A. 1962)).

AOS has provided nothing more than its counsel's inadmissible hearsay to establish that Claims 1-6, 23 and 31 are invalid as being anticipated. The Federal Circuit has consistently explained what is necessary to show anticipation by a given reference:

> Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference.

*Schumer v. Lab Computer Sys., Inc.*, 308 F.3d 1304, 1315-16 (Fed. Cir. 2002). In addition, as this Court has held previously, "oral testimony by interested parties must be corroborated by documentary evidence" otherwise there can be no clear and convincing showing of invalidity. *See Halliburton Energy Services, Inc. v. Smith Int'l, Inc.*, 317 F.Supp.2d 719 (E.D. Tex. 2004). AOS has not served on FSI any Rule 26 expert report detailing expert opinions on anticipation. With the expert disclosure deadline expired and AOS's document production deadline passed, there remains no admissible evidence available to AOS for it to establish by clear and convincing evidence that some printed publication inherently discloses a claim element, and that the prior art disclosed in the publication necessarily functions in accordance with, or includes, the claim element--in addition to overcoming the presumption afforded to the PTO that it properly exclaimed the claim. Moreover, AOS's own interrogatory responses, albeit verified by an interested party, utterly fail to articulate any support for its contention that the '849 patent is invalid due to anticipation, and instead incorporates AOS's counsel's inadmissible hearsay. *See* Exhibits A at 5, and B at 6.

### b.   AOS has no evidence in support of its affirmative defense that the patent is invalid for obviousness

A patent is only invalid under 35 U.S.C. § 103 "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would

have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. Many patentable inventions incorporate elements previously present as prior art. However, contrary to Defendant's assertion, such patents are not invalid merely because each of those elements was known independently in the prior art. *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 421 (2007).

To the contrary, patents are presumed to be valid. *Proctor & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 944 (Fed. Cir. 2009); *Kao Corp. v. Unilever U.S., Inc.*, 441 F.3d 963, 968 (Fed. Cir. 2006). A party seeking to invalidate a patent based on obviousness must demonstrate "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *Proctor & Gamble Co.*, 566 F.3d at 944, citing *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007); *see also KSR*, 550 U.S. at 415 (upholding flexible application of the so called "teaching, suggestion, or motivation" test). The obviousness determination is ultimately a question of law, predicated on the following factual inquires: (1) the level of ordinary skill in the art; (2) the scope of content of the prior art; (3) the differences between the prior art and the claims at issue; and (4) objective evidence of nonobviousness such as commercial success, long-felt but unresolved need, failure of others, and copying. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966); *see also KSR*, 550 U.S. at 426-27. In considering summary judgment with respect to the obviousness of a patent's claims, the Court can and should take into account expert testimony. *KSR*, 540 U.S. at 426.

AOS has adduced no evidence to show by clear and convincing evidence that there was a motivation for someone to "select the references and to combine them in the particular claimed

manner to reach the claimed invention." AOS has not served on FSI any Rule 26 expert report detailing expert opinions on obviousness. Similar to AOS's attempt to support its anticipation defense, AOS's related interrogatory responses provides no evidence in support of its obviousness defense, and instead incorporates AOS's counsel's inadmissible hearsay. *See* Exhibits A at 5, and B at 6. AOS has offered no admissible evidence, let alone clear and convincing evidence, of obviousness, FSI respectfully requests that AOS's Affirmative Defense of invalidity be denied in its entirety.

     **c.**    **AOS has no evidence in support of its affirmative defense that the patent is invalid for enablement**

AOS also alleges that the '849 patent is indefinite and, as such, does not meet the enablement requirement of Section 112, paragraph 1 of the Patent Act. Docket No. 217 at 5.

As set forth above, every patent is presumed valid. 35 U.S.C. § 282. This presumption of validity includes a presumption that the patent complies with the enablement requirement of Section 112, paragraph 1 of the Patent Act. *National Recovery Tech., Inc. v. Magnetic Separation Sys., Inc.*, 166 F.3d 1190, 1195 (Fed. Cir. 1999). The enablement requirement of Section 112, paragraph 1 provides: "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112 ¶ 1.

"The purpose of this provision is to assure that the inventor provides sufficient information about the claimed invention that a person of skill in the field of the invention can make and use it without undue experimentation, relying on the patent specification and the knowledge in the art." *Scripps Clinic & Research Found. v. Genetech, Inc.*, 927 F.2d 1565, 1571 (Fed. Cir. 1991) (citing *United States v. Telectronics, Inc.*, 857 F.2d 778, 785 (Fed. Cir. 1988)).

Therefore, with respect to the enablement requirement, the relevant inquiry lies in the relationship between the specification, the claims, and the knowledge of one of ordinary skill in the art. *National Recovery*, 166 F.3d at 1196. "If, by following the steps set forth in the specification, one of ordinary skill in the art is not able to replicate the claimed invention without undue experimentation, the claim has not been enabled as required by § 112, paragraph 1." *Id.*

AOS has adduced no evidence regarding relationship between the specification, the claims, and the knowledge of one of ordinary skill in the art. AOS has not served on FSI any Rule 26 expert report detailing expert opinions on enablement. Again, AOS's interrogatory responses fail to provide any guidance in support of AOS's defense that the '849 patent is invalid for enablement. *See* Exhibits A at 5, and B at 6. Because AOS possesses no admissible evidence in support of its affirmative defense that the '849 patent is invalid for enablement, FSI respectfully requests that it be granted judgment as a matter of law, and dismiss with prejudice AOS's Third Affirmative Defense.

## III. AOS HAS NO EVIDENCE TO SUPPORT ITS FOURTH AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT, UNCLEAN HANDS, EQUITABLE ESTOPPEL, OR LACHES

### a. AOS has no evidence in support of its inequitable conduct defense

AOS asserts in its Fourth Affirmative Defense that FSI's '849 patent is unenforceable because of inequitable conduct, unclean hands, equitable estoppel, or laches. Docket No. 217 at 5.

The elements to establish inequitable conduct require evidence that FSI allegedly (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 (Fed. Cir. 2009); *accord U.S. ex*

*rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005);   *Engel Indus., Inc. v. Lockformer Co.*, 946 F.2d 1528, 1533 (Fed. Cir. 1991) (inequitable conduct is "culpable conduct," and "does not flow simply from failure to meet the requirements of patentability").   A party who alleges inequitable conduct arising from a failure to disclose prior art must offer proof of: (1) the materiality of the prior art; (2) the applicant's knowledge of the prior art and its materiality; and (3) the applicant's failure to disclose the material prior art, coupled with an intent to mislead the PTO.   *Id.* (citing *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987)).

AOS has no evidence in support of this claim.   Specifically, AOS has adduced no evidence that FSI knew of each item of prior art upon that AOS cites in its invalidity contentions, or that FSI withheld or misrepresented this information with a specific intent to deceive the PTO. To the contrary, it is uncontroverted that AOS's founders, owners, and current senior leaders (Tom Hazelton and Daniel Roehrs) were employed at FSI during this time.   Therefore, to the extent information was withheld by them, it would be those two individuals who would be the most culpable (and therefore barred from pursuing an unenforceability defense under the doctrine of unclean hands).   Further, AOS has not served on FSI any Rule 26 expert report detailing expert opinions on FSI's alleged inequitable conduct.   As such, AOS has not, and cannot, adduce evidence that FSI knew of the withheld material information or of the falsity of the material misrepresentation, and that FSI withheld or misrepresented this information with a specific intent to deceive the PTO.

### b.      AOS has no evidence to support its unclean hands defense

To prove unclean hands, AOS must show that FSI made an affirmative misrepresentation of material fact with an intent to deceive the PTO.   *See Micro Chem., Inc. v. Great Plains Chem.*

*Co.*, 103 F.3d 1538, 1549 (Fed. Cir. 1997); *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 1751381 (N.D. Tex. April 04, 2002).  AOS has not adduced any admissible evidence of such a misrepresentation--not even in AOS's interrogatory responses, wherein AOS refuses to provide any factual support for this baseless allegation.  *See* Exhibits A at 6, and B at 6.  Therefore, FSI entitled to judgment as a matter of law against AOS's affirmative defense of unclean hands.

      **c.**     **AOS has no evidence to support its laches or estoppel defenses**

     With its origins in equity, a determination of laches is not made upon the application of "mechanical rules." *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). "The defense, being personal to the particular party and equitable in nature, much have flexibility in its application.  The length of time which may be deemed unreasonable has no fixed boundaries but rather depends on the circumstances.  The period of delay is measured from the time the plaintiff knew or reasonably should have known of the defendant's alleged infringing activities to the date of suit.  However, the period does not begin prior to issuance of a patent." *See id.*

     The underlying critical factors of laches are presumed, *prima facie*, upon proof that the patentee delayed filing suit for more than six years after actual or constructive knowledge of the defendant's alleged infringing activity.  *Id.* at 1035-36.  Thus, because FSI's brought suit against AOS within 3 years of AOS's formation (in mid- to late-2004) there was not delay even approaching six years.  As such, AOS has the burden of proving the laches factors.  *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2:06-cv-272, 2009 WL 1035205 (E.D. Tex April 17, 2009).

     Moreover, to prove a defense of laches, AOS must establish that (1) FSI delayed filing suit for an unreasonable and inexcusable length of time from the time the FSI knew or

reasonably should have known of its claim against the AOS; and (2) the delay operated to the prejudice or injury of the AOS. *A.C. Aukerman Co*, 960 F.2d at 1032.

The Federal Circuit has articulated the equitable estoppel defense as including three elements: first, the patentee, through misleading conduct, must lead the alleged infringer to reasonably infer that he does not intend to enforce the patent against the accused infringer; second, the alleged infringer must rely on the patentee's conduct; and third, due to the reliance, the alleged infringer must be materially prejudiced if the patentee is permitted to proceed with his infringement suit. *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063 (Fed Cir. 1995).

AOS has not adduced any evidence of its being prejudiced by FSI's conduct (other than lawful competition in the marketplace).  In addition, there is no evidence in the record that through misleading conduct, FSI led AOS to reasonably infer that FSI does not intend to enforce the '849 patent against AOS.  To the contrary, AOS has complained of the opposite: "FSI seeks to put AOS out of business." *See, e.g.*, Docket No. 217 at 20.  AOS has also never provided any evidence that it relied on any FSI representation to the contrary.  For example, its interrogatory responses refuse to provide any factual support for this affirmative defense as well. *See* Exhibits A at 6 and B at 6.  Because there is no evidence in support of AOS's affirmative defense of laches or equitable estoppel, FSI is entitled to judgment as a matter of law against AOS.

## IV.  AOS POSSESSES NO EVIDENCE IN SUPPORT OF ITS FIFTH AFFIRMATIVE DEFENSE OF EXPRESS OR IMPLIED LICENSE

AOS has asserted in its Fifth Affirmative Defense that the '849 patent is not enforceable against it because AOS possesses an express or implied license.  Docket No. 217 at 6.  An express license requires evidence, predictably, of an written, express license. *Jacobs v. Nintendo of America, Inc.*, 370 F.3d 1097 (Fed. Cir. 2004).  Because no such evidence exists, FSI is

entitled to summary judgment against AOS's claim to an express license.

Moreover, establishing the existence of an implied license requires evidence that signifies a patentee's waiver of the statutory right to exclude others from making, using, or selling the patented invention. *Wang Labs., Inc. v. Mitsubishi Elec. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997) (citing *Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987)). The U.S. Supreme Court has held that an implied license can be found through evidence of "language used by the owner of the patent, or any conduct on his part exhibited to another from which that other may properly infer that the owner consents to his use of the patent in making or using it, or selling it, upon which the other acts, constitutes a license and a defense to an action for a tort." *De Forest Radio Tel. Co. v. United States,* 273 U.S. 236, 241 (1927).

AOS has adduced no evidence of any FSI language or conduct exhibited to AOS and from which AOS may properly infer that FSI consents to his use of the '849. To the contrary, as the Court is well aware, FSI has been engaged in litigation for years with either AOS or its principal owners. As a result, there is no evidence that has been or will be adduced that could support a finding that FSI's language or conduct to AOS creates an inference that AOS has been granted an implied license. AOS's interrogatory responses do not suggest otherwise. In response to FSI request for all facts support this defense, AOS merely provided a boilerplate objection. *See* Exhibits A at 6 and B at 6. Therefore, FSI is entitled to judgment as a matter of law against AOS's Fifth Affirmative Defense.

V. **AOS POSSESSES NO EVIDENCE IN SUPPORT OF ITS NINTH AFFIRMATIVE DEFENSE OF IMPERMISSIBLE BROADENING OF PATENT SCOPE**

AOS asserts as its Ninth Affirmative Defense that FSI has impermissibly broadened the scope of the asserted claims of the '849 patent. Docket No. 217 at 7. Of course, the burden is on

AOS to show that FSI has engaged in activity that has "impermissibly broadened the 'physical or temporal scope' of the patent grant with anticompetitive impact." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001-02 (Fed. Cir. 1986); *STMicroelectronics, Inc. v. Sandisk Corp.*, 4:05-CV-44, 2006 WL 1624534 (E.D. Tex. June 12, 2006). AOS has offered no evidence that any of the asserted claims of the '849 are impermissibly broader as a result of the reexamination. Because AOS has adduced no such evidence in support of this affirmative defense, FSI respectfully requests that it be granted judgment as a matter of law against AOS's Ninth Affirmative Defense.

## VI.   AOS HAS NO EVIDENCE IN SUPPORT ITS FIRST COUNTERCLAIM ALLEGING A SHERMAN ACT ANTITRUST VIOLATIONS

AOS generally alleges that FSI's pursuit of this lawsuit violates the Sherman Act. Docket No. 217 at 13-14. "Enforcement of a patent procured by fraud on the Patent Office may be violative of § 2 of the Sherman Act provided the other elements necessary to a § 2 case are present." *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174 (1965) (commonly referred to as a "*Walker Process*" claim). *Walker Process* claims require a showing of actual fraud upon the PTO through factual misrepresentations or factual omissions. *Dippin' Dots. Inc. v. Mosey*, 476 F.3d 1337, 1346 (Fed. Cir. 2007); *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068 (Fed. Cir. 1998); *Garmin Ltd. v. TomTom, Inc.*, No. 2:06-CV-338, 2007 WL 2903843 *3 (E.D. Tex Oct. 3, 2007). The remaining elements of a § 2 attempted monopolization claim are "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 459 (1993). To find a dangerous probability of achieving monopoly power, the Court must consider the relevant market. *Id.* at 456. The Fifth Circuit has combined the relevant market analysis with

the second requirement above to read as a "specific intent to monopolize the relevant market." *Surgical Care Ctr. of Hammond, L.C. v. Hosp. Serv. of Dist. No. 1 of Tangipahoa Parish*, 309 F.3d 836, 839 (5th Cir. 2002). Federal Circuit law applies to the fraud element, and regional circuit law applies to the remaining three elements. *Nobelpharma*, 141 F.3d at 1068 (*en banc* in relevant part).

AOS has adduced no evidence to establish that FSI committed any actual fraud upon the PTO through factual misrepresentations or factual omissions. In addition, AOS possesses no evidence that FSI has engaged in predatory or anticompetitive conduct. To the extent AOS believes FSI engaged in any anticompetitive conduct (which it did not), AOS still completely lacks any evidence of a specific intent of FSI to monopolize and a dangerous probability that FSI would achieve a monopoly power. To the contrary, as AOS argued in its Motion for Partial Summary Judgment, FSI cannot prevent AOS from making sales -- accounting for over 90 percent of AOS's total business -- to the United States Government or for the United States Government. Docket No. 6 at 8. In addition, as established by FSI Motion for an Order to Show Cause, AOS continues to sell its infringing devices with impunity for commercial application. Docket No. 179. Because AOS has failed to adduce any evidence that FSI has engaged in anticompetitive conduct, possesses any intent to monopolize the market place, or a dangerous probability of doing so, FSI respectfully requests that it be granted judgment as a matter of law against AOS's First Counterclaim.

## VII.   AOS POSSESSES NO EVIDENCE TO ESTABLISH ITS SECOND COUNTERCLAIM OF UNFAIR COMPETITION

AOS claims that FSI's pursuit of its patent rights and its refusal to grant AOS a license amounts to unfair competition, thus violating Section 43 of the Lanham Act and the Texas Business and Commerce Code. Docket No. 217 at 15-17. Of course, a cause of action for unfair

competition requires significantly more that what AOS has alleged, namely: "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." *See* Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B).

To prevail on a claim for unfair competition based on false advertising, AOS must show that: (1) FSI made a false or misleading statement as to its own goods and services or that of another; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the misrepresentation is material (i.e., likely to influence purchasing decisions); and (4) AOS is likely to suffer economic injury. *See, generally, Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1383 n. 3 (5th Cir. 1996). To establish elements one and two, the plaintiff may show either that the challenged advertisement is literally false or that, while the advertisement is literally true, it has a tendency to deceive consumers. *Id.* at 1390; *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

AOS also claims that FSI's advertising its TFOCA-II® as "patented under the '849 patent" is untrue. However, AOS has adduced no evidence in support of this allegation. To the contrary, the asserted claims of '849 patent have been reexamined and determined to be patentable over the prior art that AOS continues to cite. As such, there is no basis, and certainly no evidence, in support of AOS's claim that FSI engaged in unfair competition. Therefore, FSI respectfully requests that it be granted judgment as a matter of law against AOS's Second Counterclaim of unfair competition.

## VIII.   **THERE IS AN ABSENCE OF EVIDENCE TO SUPPORT AOS'S THIRD COUNTERCLAIM OF PATENT MISUSE**

AOS's Third Counterclaim alleges that FSI engaged in patent misuse.  Docket No. 217 at 17-18.  A counterclaim for patent misuse requires the alleged infringer to show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect, in bad faith, and with improper purpose.  *Windsurfing Int'l, Inc. v. AMF Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).  The Federal Circuit has held that "the bringing of a lawsuit to enforce legal rights does not constitute . . . patent misuse; there must be bad faith and improper purpose in bringing the suit, in implementation of an illegal restraint of trade." *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995).

In patent misuse cases, anticompetitive conduct which is not *per se* illegal must be reviewed under the antitrust rule of reason.  *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700 (Fed. Cir. 1992).  Under the rule of reason, a practice is impermissible only if its effect is to restrain competition in a relevant market.  *U.S. Philips Corp. v. Int'l Trade Com'n*, 424 F.3d 1179, 1185 (Fed. Cir. 2005).   In other words, "[u]nder the rule of reason, the finder of fact must determine if the practice at issue is 'reasonably within the patent grant, i.e., that it relates to subject matter within the scope of the patent claims.'  If the practice does not 'broaden the scope of the patent, either in terms of covered subject matter or temporally,' the patentee is not chargeable with patent misuse.  More specifically, 'the finder of fact must decide whether the questioned practice imposes an unreasonable restraint on competition, taking into account a variety of factors, including specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature and effect.'" *Id*. at 1197

AOS alleges that FSI has contacted its customers and "alleg[ed] that AOSI's products infringe FSI's patents, even though FSI is aware that the '849 Patent B1 is invalid and unenforceable against AOSI." Docket No. 217 at 17-18.  Even if there is evidence to support AOS's allegations, merely advising customers of pending litigation and the claims being resolved therein cannot rise to an "anticompetitive effect" under the rule of reason. *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 709 (Fed. Cir. 1992) (stating "[a] patentee that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers"); *Virginia Panel Corp. v. Mac Panel Co.*, 133 F.3d 860, 870 (Fed. Cir. 1997) (finding "VP's threat's to seek injunctions against MAC's customers, whether in the form of an infringement notice or in direct negotiations, did not constitute patent misuse because VP had a good faith belief that those it notified where using a device that infringed the '005 patent."). Moreover, AOS has adduced no evidence in support of any of its other baseless grounds to claim patent misuse:  there is no evidence of inequitable conduct, sham litigation, monopolizing the market, or failing to conduct an investigation regarding AOS's continued infringement of the reexamined claims published on March 31, 2009. *See, generally*, Docket No. 217 at 18.

## IX. THERE IS NO EVIDENCE TO SUPPORT AOS'S FOURTH COUNTERCLAIM OF FRAUD AND NEGLIGENT MISREPRESENTATION

### a. AOS cannot establish that FSI engaged in fraud

AOS's Fourth Counterclaim alleges that FSI has engaged in fraud in connection with the working group to revise a military specification and/or drawing. Docket No. 217 at 19-20. To establish a claim for fraud under Texas law, AOS has the burden of proving that: (1) a material misrepresentation was made; (2) it was false when made; (3) the speaker knew it was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made it with the intent that it should be acted upon; and (5) the party acted in reliance and

suffered injury as a result. *Gulf Communications, LLC v. Business Telecom, Inc.*, No. 3:98-CV-2444, 1999 WL 1044509 (N.D. Tex. November 17, 1999); *Clardy Manufacturing Company v. Marine Midland Business Loans Inc.*, 88 F.3d 347, 359 (5th Cir. 1996); *also Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) ("A fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'") (quoting *Sears, Roebuck & Company v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).   In Texas, a party's failure to perform a promise is, in and of itself, insufficient to prove fraud. *Performance Printing Corporation v. The Upper Deck Company*, No. 3:98-CV-0035, 1999 WL 184125 *3 (N.D.Tex. Mar. 29, 1999) (discussing Texas common law of fraud).

The evidence regarding FSI's representation in connection with providing the Government a license to the '849 patent is undisputed and AOS cannot establish that FSI provided anything more than a conditional offer (which was never met) for a license to the '849 patent. As such, AOS has no evidence that FSI ever made a material misrepresentation that was relied upon to AOS's detriment.   In addition to there being no evidence of a material misrepresentation, AOS possesses no evidence that any of FSI's representations were false when made, or that the author/speaker made such a representation with the intent that it should be acted upon, or that any party (either AOS or the Government) acted in reliance and suffered injury as a result.   Therefore, FSI is entitled to judgment as a matter of law against AOS's Fourth Counterclaim alleging fraud.

**b.    AOS cannot establish that FSI is liable for negligent misrepresentation**

AOS's Fourth Counterclaim also alleges that FSI made various negligent misrepresentations.  Docket No. 217 at 19-20.  Under Texas law, the elements of a cause of action for negligent misrepresentation are: (1) a representation was made by a defendant in the course of his business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.  *Clardy*, 88 F.3d at 357.  In addition, the "false information" supplied must have been a misstatement of existing fact.  *Clary Corporation v. Smith*, 949 S .W.2d 452, 463 (Tex.App.--Fort Worth 1997, writ denied).

As set forth above, AOS possesses no evidence that FSI made any statement that was false when made.  As is clear from the referenced correspondence, FSI extended a conditional offer.  When the condition was not met, no agreement regarding a license could be reached.  Because AOS cannot adduce any admissible facts beyond these, it cannot establish its Fourth Counterclaim of negligent misrepresentation.  Accordingly, FSI respectfully requests that it be granted judgment as a matter of law against AOS's counterclaim for negligent misrepresentation.

## CONCLUSION

Because AOS has failed to adduce evidence in support of each element of each affirmative defense and counterclaim that it is asserting, FSI respectfully requests that it be granted judgment as a matter of law against each, and all other relief at law or in equity to which it may be entitled.

Dated: September 24, 2009.       Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:   /s/ Peter S. Wahby  
Christopher M. Joe
Lead Attorney
State Bar No. 00787770
Email:  joec@gtlaw.com
Brian A. Colao
State Bar No.  007935278
E-mail:  colaob@gtlaw.com
Peter S. Wahby
State Bar No. 24011171
E-mail:  wahbyp@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:    (214) 665-3604
Facsimile:    (214) 665-5904

*ATTORNEYS FOR PLAINTIFF*
*FIBER SYSTEMS INTERNATIONAL, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 24th day of September, 2009.  Any other counsel of record will be served by facsimile transmission and first class mail.

       ___/s/ Peter S. Wahby___   
       Peter S. Wahby

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **FIBER SYSTEMS** | § | |
| **INTERNATIONAL, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2-06-CV-473** |
| **vs.** | § | |
| | § | |
| **APPLIED OPTICAL SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT APPLIED OPTICAL SYSTEMS, INC.'S AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   Plaintiff, Fiber Systems International, Inc., by and through its counsel of record, Christopher M. Joe, Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201.

COMES NOW, Defendant Applied Optical Systems, Inc. ("AOSI") and serves its

Amended Objections and Answers to Plaintiff Fiber Systems International, Inc.'s ("FSI") First

Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**EXHIBIT**

tabbies

_A_

Respectfully submitted,

By: _____

J. Robert Arnett II
Texas State Bar No. 01332900
E. Leon Carter
Texas State Bar No. 03914300
Jamil N. Alibhai
Texas State Bar No. 00793248
William A. Munck
Texas State Bar No. 00786127
Robert D. McCutcheon
Texas State Bar No. 00789480

MUNCK BUTRUS CARTER, P.C.
600 Banner Place
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600 - Telephone
(972) 628-3616 - Facsimile

**ATTORNEYS FOR DEFENDANT
APPLIED OPTICAL SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of March, 2008, a true and correct copy of the above and foregoing was served upon Plaintiff's counsel of record via first class mail, postage prepaid and addressed as follows:

Christopher M. Joe
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

_____
E. Leon Carter

# I.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

AOSI objects to the Interrogatories to the extent they seek communications or information protected by the attorney-client privilege, the attorney work-product privilege, the party communication privilege, and all other applicable privileges, exemptions, and immunities.

AOSI objects to the Interrogatories to the extent they seek to expand or modify the scope or breadth of the Federal Rules of Civil Procedure or increase AOSI's duties or obligations under the Rules.

AOSI objects to the Interrogatories to the extent they seek information not in the possession, custody, or control of AOSI.

AOSI reserves the right to amend, supplement, or modify its answers as appropriate based upon additional discovery or investigation.

AOSI objects to the aggregated definition of "discuss," "relate to," or "support" as confusing and incomprehensible. AOSI will respond to the Interrogatories using the common meanings of those terms.

# II.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

For each Accused Product supplied or sold by AOS which AOS contends is subject to the 28 U.S.C. section 1498(a) immunity, please provide the following information: the date of the Government contract covering such sale; the contract number and the solicitation numbers for the Government contract; the name, principal contact person(s), address, and telephone number of each Customer to whom you sold or supplied Accused Products under that Government contract; the date and purchase order number of each purchase order from that Customer made pursuant to the Government contract; the date(s) of each shipment of Accused Product to that Customer and the number of units shipped on each shipment date; the total number of units of each Accused Product supplied or sold by AOS pursuant to the Government contract; the total dollar revenues for such sales; the average price per unit charged for such sales; the serial number of each Accused Product; and the gross profit and net incremental profit for each sale.

**ANSWER:** AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as unduly burdensome and unreasonable. AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all

previously asserted objections, please see attached *Exhibit A* and *Exhibit B*. AOSI also refers FSI to the previously produced purchase orders that are bates labeled as AOSI 1573-2215.


**INTERROGATORY NO. 2:**

For each Accused Product supplied or sold by AOS that AOS contends is not subject to the 28 U.S.C. section 1498(a) immunity, please provide the following information: the date of the contract covering such sale; the contract number and the solicitation numbers for the contact; the name, principal contact person(s), address, and telephone number of each Customer to whom you sold or supplied Accused Products under that contract; the date(s) of each shipment of Accused Product to that Customer and the number of units shipped on each shipment date; the total number of units of each Accused Product supplied or sold by AOS pursuant to the contract; the total dollar revenues for such sales; the average price per unit charged for such sales; the serial number of each Accused Product; and the gross profit and net incremental profit for each sale.

**ANSWER:** AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as unduly burdensome and unreasonable. AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to all previously asserted objections, please see attached *Exhibit A* and *Exhibit B*.


**INTERROGATORY NO. 3:**

With respect to the revenue, gross profit, and net incremental profit information provided in response to Interrogatory Nos. 2 and 3, describe in detail how those were calculated, including without limitation the fixed and variable costs of manufacturing and selling each unit and the type and manner of each calculation of each deduction used to arrive at net profits.

**ANSWER:** AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as unduly burdensome and unreasonable. AOSI objects to this interrogatory, in part, as seeking information that is not relevant at this point in the litigation or reasonably calculated to lead to the discovery of admissible evidence.


**INTERROGATORY NO. 4:**

For claims 1-6 of the '849 patent, state the factual basis and reasons that AOS contends that AOS has not infringed, and is not infringing these claims, either literally or under the doctrine of equivalents. In providing an answer to this Interrogatory, for each limitation of claims 1-6, state whether a component corresponding to such claim limitation is present in the Accused Products, either literally or under the doctrine of equivalents.

**ANSWER:** AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable. Subject to the foregoing objections, in the AOSI M83526/16 and /17 connectors, the first connector face does not fit against the second forward surface of the second insert cap tower, and Claim 1 requires "said first connector face fitting against a second forward surface of the second insert cap tower." Claims 2 through 6 are dependent upon Claim 1.

### INTERROGATORY NO. 5:

Describe in full detail all facts that support the following allegation made by you:

Fiber Systems' claims of patent infringement are barred, in whole or in part, in District Court, under 28 U.S.C. § 1498(a) because the allegedly infringing products are used or manufactured by or for the United States, and Fiber Systems' exclusive remedy is an action against the United States in the United States Court of Federal Claims.

*See* Docket No. 5 at 4.

**ANSWER:** Please see the Statement of Material Facts in Defendant's Motion for Partial Summary Judgment and Brief in Support and the evidence filed in connection therewith; the Factual Background in Defendant's Response in Opposition to Application for Preliminary Injunction and Brief in Support and the evidence filed in connection therewith; and the documents previously produced and bates labeled AOSI 0001-2215.

### INTERROGATORY NO. 6:

For claims 1-6 of the '849 patent, state the factual basis and reasons that AOS contends that such claims are invalid pursuant to each of 35 U.S.C. § § 101, 102, 103 and 112, if that is AOS' contention. In providing an answer to this Interrogatory, identify each specific subsection (e.g. section 102(b)(1)(A) or paragraph (e.g. section 112, para. 2, or 35 U.S.C.) that applies. For allegations based on sections 102 and 103, identify each item of prior art, prior use or prior sale, if any, that AOS relies upon, and the specific disclosures and/or teachings that AOS relies upon in each item of prior art. If AOS contends that two or more items of prior art must be combined to render a patent claim invalid, state which limitation(s) of claims 1-6 are taught or suggested by which reference(s), and the motivation for making the combination. For allegations based on section 112, para. 2, state with particularity whether AOS is relying on the description or enablement requirement, or both.

**ANSWER:** AOSI incorporates by reference the information contained in Defendant's Invalidity Contentions, including *Exhibits A* through *E* thereof, dated September 7, 2007.

**INTERROGATORY NO. 7:**

Describe in full detail all facts that support the following allegation made by you:

The '849 Patent is unenforceable against Applied Optical because of estoppel, laches, unclean hands, and/or applicable equitable doctrine.

*See* Docket No. 5 at 4.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.

**INTERROGATORY NO. 8:**

Describe in full detail all facts that support the following allegation made by you:

Upon information and belief, Fiber Systems' claims are unenforceable against Applied Optical because Applied Optical or the United States Government has a license, express or implied, to the '849 Patent.

*See* Docket No. 5 at 5.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.

**INTERROGATORY NO. 9:**

Describe in full detail all facts that support the following allegation made by you:

Upon information and belief, Applied Optical is exempt from liability for infringement, in whole or in part, to the extent that the United States Government has rights in the '849 Patent.

*See* Docket No. 5 at 5.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.

## INTERROGATORY NO. 10:

Describe in full detail all facts that support the following allegation made by you:

This case is an exceptional case under 35 U.S.C. § 285 entitling Applied Optical to an award of attorneys' fees and costs.

*See* Docket No. 5 at 5.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.

## INTERROGATORY NO. 11:

Identify by name, address and telephone number of all Persons, both past and present, responsible for (a) researching; (b) designing; (c) development; (d) manufacturing; (e) supplying; (f) advertising and marketing; and/or the (g) sales of the Accused Products and identify the specific responsibilities of each Person.

**ANSWER:**

Venkata Raju Penumatcha, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, design and development.

Arthur J. Willems, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, manufacturing and supply.

Daniel Roehrs, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, sales.

G. Thomas Hazelton, Jr., 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, development, marketing, advertising, and sales.

R. Michael Flower, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, development including communications with DSCC regarding the development of MIL-PRF-83526/16 and 17.

## INTERROGATORY NO. 12:

Identify the dates when the Accused Products were (a) first conceived; (b) first reduced to practice; (c) first offered for sale in the United States; and (d) first sold in the United States.

**ANSWER:**

      (a) August 2004;
      (b) May or June 2005;
      (c) June 22, 2005 and
      (d) August 2005.


**INTERROGATORY NO. 13:**

      Identify all searches, investigations, reviews, opinions, reports or studies conducted by or for AOS or in AOS' possession, concerning the patentability, validity, infringement, or enforceability of any claim of the '849 patent; describe the results of each such search, investigation, review, opinion, report or study; and identify the person(s) who authored and received such search, investigation, review, opinion, report or study.

**ANSWER:** AOSI objects to this interrogatory as seeking information protected by the attorney-client privilege, the attorney work-product privilege, and/or the party communication privilege. Subject to the foregoing objections, AOSI incorporates by reference the Request for Reexamination filed with the United States Patent and Trademark Office on January 14, 2007.


**INTERROGATORY NO. 14:**

      If AOS contends or believes that non-infringing alternatives exist for the '849 patent, state in detail the basis for the contention or belief (including without limitation, by identifying the manufacturer/source and model/part number of each non-infringing alternative and the period of time for which it was or is available).

**ANSWER:** AOSI has not determined whether hermaphroditic fiber optic connectors compliant with MIL-PRF-83526/16 and 17 manufactured and sold by third parties infringe the '849 patent; however, AOSI is aware that such connectors are manufactured and/or sold by Delphi Connectors Systems as the Delphi Fiber Optic Connector Assembly (DFOCA), Glenair, Inc. as the GFOCA 4 Channel Fiber Optic Connection System, Timbercon as the MIL-PRF-83526, and Stran Technologies, Inc. as the TFOCA GenX.


**INTERROGATORY NO. 15:**

      Describe in detail any and all meetings, discussions or communications, either internally or externally between AOS and any third party regarding FSI, the '849 patent, infringement by the Accused Products, or validity or enforceability of the '849 patent by providing the date; the name, address, and telephone number of each person involved; and the substance of the discussion or communications.

DEFENDANT APPLIED OPTICAL SYSTEMS, INC.'S AMENDED OBJECTIONS
AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES        **PAGE 8**
G:\Client Data\AOSI\0131-FSI (Fiber Systems Int'l)\disc\Responses\AOSI Amended-Resp-to FSI's 1st ROGS.doc

**ANSWER:**   AOSI objects to this interrogatory as seeking information protected by the attorney-client privilege, the attorney work-product privilege, and/or the party communication privilege. AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable. Subject to the foregoing objections, there have been no non-privileged meetings, discussions, or communications regarding infringement or non-infringement of the '849 patent by the AOSI M83526/16 and /17 or the validity or enforceability of the '849 patent.

## INTERROGATORY NO. 16:

With respect to Daniel Roehrs, state the date that Mr. Roehrs first became a shareholder in AOS, the number of shares owned by Mr. Roehrs when he first became a shareholder and the total shares of AOS outstanding at that time, the total number of shares currently owned by Mr. Roehrs and the total number of shares of AOS currently outstanding, the date Mr. Roehrs first became employed by AOS and his title/position, and all subsequent titles/positions held by Mr. Roehrs and the dates he received those titles/positions and identify every contract or agreement that Mr. Roehrs executed on behalf of AOS by providing the dates and parties to those agreements.

**ANSWER:**   AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as intruding on the personal privacy rights of a third party. AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable. AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 17:

Separately for each Interrogatory, identify the person(s) who furnished information used to answer such Interrogatory, and identify all documents consulted, used, or reviewed in formulating the Answer to each Interrogatory.

**ANSWER:**   AOSI objects to this interrogatory as unduly burdensome and unreasonable. Subject to the foregoing objections, G. Thomas Hazelton, Jr., 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500. AOSI further refers FSI to the documents previously produced and bates labeled AOSI 0001-2215.

## VERIFICATION

My name is G. Thomas Hazelton, Jr. I am the General Manager of Applied Optical Systems, Inc. I have read Defendant Applied Optical Systems, Inc.'s Amended Responses and Objections to Plaintiff's First Set of Interrogatories. Such answers are based upon my personal knowledge, or upon information available to Defendant or counsel for Defendant, and are true and correct to the best of my knowledge and information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March _18_, 2008.

_____
G. Thomas Hazelton, Jr.

# APPLIED OPTICAL SYSTEMS, INC.
## Shipments of TFOCA II Plugs & Receptacles
### thru November 30, 2006

| Part # | | | Description | Cust. Invoice No. | Invoice Date | Qty | Sales | Plugs | Rcpts | GOVERNMENT CONTRACT TRACABLE | PO | Govt Trace | Sales | Plugs | Rcpts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CCTA10B31CA | A | | CONN,PLUG,HERM,4 CHAN,83526, | AFVA00 | 8/16/2006 | 2 | | 2 | - | NO | N | N | - | - | - |
| CCTB21B31C | 3 | | CONN,RCPT,JAM NUT,4CH,EMI,W/ | AFVA00 | 8/16/2006 | 1 | | - | 1 | NO | N | N | - | - | - |
| | | | ABTEL UNIVERSAL | AFVA00 Total | | | - | 2 | 1 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| CCTA10B31CA | | | CONN,PLUG,HERM,4 CHAN,83526, | AOTX00 | 10/3/2005 | 8 | 1,600.00 | 8 | - | NO | Y | N | - | - | - |
| CCTA10B31CA | | | CONN,PLUG,HERM,4 CHAN,83526, | AOTX00 | 11/14/2005 | 2 | 400.00 | 2 | - | NO | Y | N | - | - | - |
| CCTA10B31CA | | | CONN,PLUG,HERM,4 CHAN,83526, | AOTX00 | 1/13/2006 | 2 | | 2 | - | NO | N | N | - | - | - |
| CCTD22B31C | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | AOTX00 | 10/3/2005 | 2 | 300.00 | - | 2 | NO | Y | N | - | - | - |
| CCTD22B31C | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | AOTX00 | 12/15/2005 | 1 | 150.00 | - | 1 | NO | Y | N | - | - | - |
| | | | APEX OPTICS | AOTX00 Total | | | 2,450.00 | 12 | 3 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| GCBN04EFAGNN13F | | | GCBN-04-EFA-GNN-13F = 4 FIBER | CMAL00 | 11/22/2006 | 16 | 5,920.00 | - | 16 | YES | Y | N | - | - | - |
| GCBN04EFAGNN14F | | | GCBN-04-EFA-GNN-14F = 4 FIBER | CMAL00 | 11/22/2006 | 32 | 11,840.00 | - | 32 | YES | Y | N | - | - | - |
| | | | CHANDLER/MAY | CMAL00 Total | | | 17,760.00 | - | 48 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| A21000030M62N032 | | | A2-1000-030M-62-N032 | CMVA00 | 8/9/2005 | 4 | 2,580.48 | 8 | - | YES | Y | NG | - | - | - |
| A21000151M62N032 | | | A2-1000-151M-62-N032 | CMVA00 | 8/9/2005 | 4 | 6,182.40 | 8 | - | YES | Y | NG | - | - | - |
| | | | COMTECH MICRO | CMVA00 Total | | | 8,762.88 | 16 | - | | | | | | |
| | | | | | | | | | | | | | - | - | - |
| GCFN12EAN0000000F | | | 12 CH COTS M83526 PLUG REWORK | CTPA00 | 9/27/2006 | 1 | 815.00 | 1 | - | YES | Y | Y | 815 | 1 | - |
| GCFN12EANGJN0050F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/4/2005 | 1 | 815.00 | 1 | - | YES | Y | Y | 815 | 1 | - |
| GCFN12EANGJN0050F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/24/2006 | 6 | 4,890.00 | 6 | - | YES | Y | Y | 4,890 | 6 | - |
| GCFN12EANGJN0050F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/26/2005 | 6 | 4,890.00 | 6 | - | YES | Y | Y | 4,890 | 6 | - |
| GCFN12EANGJN0050F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 11/10/2006 | 5 | 4,075.00 | 5 | - | YES | Y | Y | 4,075 | 5 | - |
| GCFN12EANGLN0050F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/4/2005 | 3 | 2,445.00 | 3 | - | YES | Y | Y | 2,445 | 3 | - |
| GCFN12EANGLN0100F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/4/2005 | 3 | 2,445.00 | 3 | - | YES | Y | Y | 2,445 | 3 | - |
| GCFN12EANGLN0150F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/4/2005 | 9 | 7,335.00 | 9 | - | YES | Y | Y | 7,335 | 9 | - |
| GCFN12EANGLN0200F | | | 12 FIBER COTS M83526 PLUG TO | CTPA00 | 10/4/2005 | 2 | 1,630.00 | 2 | - | YES | Y | Y | 1,630 | 2 | - |
| | | | CONCURRENT TECH | CTPA00 Total | | | 29,340.00 | 36 | | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| CCTA10B31CA | A | | CONN,PLUG,HERM,4 CHAN,83526, | DENJ00 | 10/4/2006 | 4 | 1,066.80 | 4 | - | YES | Y | N | - | - | - |
| CCTB21B31C | 3 | | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 10/4/2006 | 2 | 387.20 | - | 2 | YES | Y | N | - | - | - |
| | | | DELAIRE | DENJ00 Total | | | 1,454.00 | 4 | 2 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| 13631106 | | | CABLE, FIBER OPTIC, TF2-ST 3 | DFIL00 | 10/31/2006 | 59 | 20,945.00 | 59 | - | YES | Y | Y | 20,945 | 59 | - |
| 13631106 | | | CABLE, FIBER OPTIC, TF2-ST 3 | DFIL00 | 11/15/2006 | 11 | 3,905.00 | 11 | - | YES | Y | Y | 3,905 | 11 | - |
| | | | DFAS ROCK ISLAND | DFIL00 Total | | | 24,850.00 | 70 | | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| ANFE04EFNGNN0001M | | | 4 FIBER COTS M83526 JAM NUT | FOMA00 | 9/29/2006 | 1 | 650.00 | - | 2 | NO | Y | N | - | - | - |
| FCFJ04EANEAN0010M | | | 4 FIBER COTS M83526 PLUG TO | FOMA00 | 9/29/2006 | 1 | 775.00 | 2 | - | NO | Y | N | - | - | - |
| | | | FIBER OPTIC CENTER | FOMA00 Total | | | 1,425.00 | 2 | 2 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| 09-2730081-4 | C | | COTS M83526 4 CHANNEL PLUG TO | GDMA00 | 9/13/2005 | 1 | | - | 2 | YES | N | Y | | 2 | - |
| A2-1000-025F-1A | | | 4 FIBER COTS M83526 PLUG TO | GDMA00 | 1/23/2006 | 1 | 615.00 | 2 | - | YES | Y | Y | 615 | 2 | - |
| A2-1000-025F-1A | | | 4 FIBER COTS M83526 PLUG TO | GDMA00 | 1/27/2006 | 11 | 6,765.00 | 22 | - | YES | Y | Y | 6,765 | 22 | - |
| | | | GENERAL DYNAMICS | GDMA00 Total | | | 7,380.00 | 26 | | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| CCTB32B11C | | | CONN,RCPT,JAM NUT,4CH,W/FEMAL | KSFL00 | 11/30/2006 | 21 | 3,819.90 | - | 21 | NO | Y | N | - | - | - |
| | | | KIENTEC SYSTEMS | KSFL00 Total | | | 3,819.90 | - | 21 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| CCTK10B31CA-001 | | | KIT,PLUG,HERM,4CH,83526,W/TER | M FOMA00 | 11/10/2006 | 6 | 1,848.00 | - | 6 | NO | Y | N | - | - | - |
| | | | FIBER OPTIC CENTER | M FOMA00 Total | | | 1,848.00 | - | 6 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| 20061106MOOG1 | | | 4 CH COTS M83526 PLUG TO MIL | MCPA00 | 11/9/2006 | 1 | | 1 | - | YES | N | Y | | 1 | - |
| 20061106MOOG2 | | | 4 CH COTS M83526 PLUG TO MIL | MCPA00 | 11/9/2006 | 1 | | 1 | - | YES | N | Y | | 1 | - |
| 20061108HLCSAMPLE | | | 4 CH COTS M83526 JAM NUT | MCPA00 | 11/9/2006 | 1 | | 1 | - | YES | N | Y | | 1 | - |
| | | | MOOG COMPONENTS | MCPA00 Total | | | - | 3 | | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| FCBB08EAAEAA0250F | | | 8 FIBER COTS M83526 PLUG TO | MENY00 | 11/30/2006 | 6 | 11,370.00 | 12 | - | YES | Y | N | 11,370 | 12 | - |
| FCBB08EAAEAA0500F | | | 8 FIBER COTS M83526 PLUG TO | MENY00 | 10/25/2006 | 1 | 2,300.00 | 2 | - | YES | Y | N | 2,300 | 2 | - |
| FCBB08EAAEAA0500F | | | 8 FIBER COTS M83526 PLUG TO | MENY00 | 10/26/2006 | 1 | 2,300.00 | 2 | - | YES | Y | N | 2,300 | 2 | - |
| FCBB12EAAEAA0500F | | | TAFCBB-12-EAA-EAA-0500F+REEL | MENY00 | 3/30/2006 | 1 | 2,250.00 | 2 | - | YES | Y | N | 2,250 | 2 | - |
| FCBB12EAAEAA0500F | | | FCBB-12-EAA-EAA -0500F+REEL | MENY00 | 5/17/2006 | 1 | 2,550.00 | 2 | - | YES | Y | N | 2,550 | 2 | - |
| FCBB12EAAEAA0250MR | | | FCBB-12-EAA-EAA-0250M+REEL | MENY00 | 11/30/2006 | 6 | 20,400.00 | 12 | - | YES | Y | N | 20,400 | 12 | - |
| GCBB08ECNGMN0030F | | | 8 FIBER COTS M83526 JAM NUT | MENY00 | 10/25/2006 | 4 | 2,796.00 | - | 4 | YES | Y | N | 2,796 | - | 4 |
| GCBB08ECNGMN0030F | | | 8 FIBER COTS M83526 JAM NUT | MENY00 | 10/26/2006 | 2 | 1,398.00 | - | 2 | YES | Y | N | 1,398 | - | 2 |
| GCBB12ECNGJN0010F | | | GCBB-12-ECN-GJN-0010F | MENY00 | 5/17/2006 | 2 | 1,590.00 | - | 2 | YES | Y | N | 1,590 | - | 2 |
| GCBB12ECNGJN0010F | | | GCBB-12-ECN-GJN-0010F | MENY00 | 6/19/2006 | 1 | 795.00 | - | 1 | YES | Y | N | 795 | - | 1 |
| GCBB12ECNGLN0005F | | | GCBB-12-ECN-GLN-0005F | MENY00 | 11/22/2006 | 12 | 9,780.00 | - | 12 | YES | Y | N | 9,780 | - | 12 |
| GCBB12ECNGMN0005F | | | GCBB-12-ECN-GMN-0005F | MENY00 | 3/30/2006 | 1 | 845.00 | - | 1 | YES | Y | N | 845 | - | 1 |
| GCBB12ECNGMN0020F | | | GCBB-12-ECN-GMN-0020F | MENY00 | 3/30/2006 | 1 | 875.00 | - | 1 | YES | Y | N | 875 | - | 1 |
| NCBBD2DAN2EAN205F | | | NCBB-02-DAN2-EAN-0205F | MENY00 | 8/19/2006 | 1 | 1,950.00 | 1 | - | YES | Y | N | 1,950 | 1 | - |
| T2K-TF-1K-SM | | | 4 FIBER COTS M83526 PLUG TO | MENY00 | 8/31/2006 | 2 | 3,436.00 | 4 | - | YES | Y | N | 3,436 | 4 | - |

EXHIBIT A
FOR ATTORNEY'S EYES
ONLY

## APPLIED OPTICAL SYSTEMS, INC.
### Shipments of TFOCA II Plugs & Receptacles
#### thru November 30, 2006

| Part # | | | Description | Cust. No. | Invoice Date | Qty | Sales | Plugs | Rcpts | GOVERNMENT CONTRACT TRACABLE | PO | Govt Trace | Sales | Plugs | Rcpts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T2KTF4FANSMSC5 | | | T2K-TF-4-FAN-SM-SC-5 | MENY00 | 11/22/2006 | 18 | 5,760.00 | - | 18 | YES | Y | N | 5,760 | - | 18 |
| T2KTF4FANSMSC5 | | | T2K-TF-4-FAN-SM-SC-5 (REWORK) | MENY00 | 11/22/2006 | - | 400.00 | - | - | YES | Y | N | 400 | - | - |
| T2KTF4FANSMST5 | | | T2K-TF-4-FAN-SM-ST-5 | MENY00 | 11/10/2006 | 10 | 3,200.00 | - | 10 | YES | Y | N | 3,200 | - | 10 |
| T2K-TF-FAN-SM-ST | | | 4 FIBER COTS M83526 JAM NUT | MENY00 | 8/31/2006 | 8 | 2,088.00 | - | 6 | YES | Y | N | 2,088 | - | 6 |
| TAC2000TFOCA250MS | | | TAC-2000-TFOCA-250M-SM-D04 = | MENY00 | 5/22/2006 | 8 | 11,200.00 | 16 | - | YES | Y | N | 11,200 | 16 | - |
| TAC2000TFOCAFANFC | | | TAC-2000-TFOCA-FAN-SM-FC-D04 | MENY00 | 5/22/2006 | 4 | 1,392.00 | - | 4 | YES | Y | N | 1,392 | - | 4 |
| TAC2000TFOCAFANSC | | | TAC-2000-TFOCA-FAN-SC-SM-D04 | MENY00 | 5/22/2006 | 4 | 1,392.00 | - | 4 | YES | Y | N | 1,392 | - | 4 |
| TAC2000TFOCAFANST | | | TAC-2000-TFOCA-FAN-ST-SM-D04 | MENY00 | 5/22/2006 | 4 | 1,392.00 | - | 4 | YES | Y | N | 1,392 | - | 4 |
| | | | MULTIDYNE | MENY00 Total | | | 91,469.00 | 53 | 69 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| CCTB21B31C | 3 | | CONN,RCPT,JAM NUT,4CH,EMI,W/ | MPPA00 | 6/8/2006 | 1 | - | - | 1 | NO | N | N | - | - | - |
| CCT822F31C | | | CONN,RCPT,JAM NUT,12CH,W/FEM | MPPA00 | 6/16/2006 | 1 | - | - | 1 | NO | N | N | - | - | - |
| | | | MICROWAVE PHOTONIC | MPPA00 Total | | | - | - | 2 | | | | - | - | - |
| | | | | | | | | | | | | | - | - | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 11/30/2005 | 22 | 28,050.00 | 44 | - | YES | Y | Y | 28,050 | 44 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/2/2005 | 12 | 15,300.00 | 24 | - | YES | Y | Y | 15,300 | 24 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/5/2005 | 4 | 5,100.00 | 8 | - | YES | Y | Y | 5,100 | 8 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/9/2005 | 12 | 15,660.00 | 24 | - | YES | Y | Y | 15,660 | 24 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/12/2005 | 24 | 31,320.00 | 48 | - | YES | Y | Y | 31,320 | 48 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/20/2005 | 13 | 16,955.00 | 26 | - | YES | Y | Y | 16,955 | 26 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/23/2005 | 1 | 1,305.00 | 2 | - | YES | Y | Y | 1,305 | 2 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/29/2005 | 14 | 18,270.00 | 28 | - | YES | Y | Y | 18,270 | 28 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/30/2005 | 10 | 12,750.00 | 20 | - | YES | Y | Y | 12,750 | 20 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 12/31/2005 | 63 | 80,325.00 | 126 | - | YES | Y | Y | 80,325 | 126 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 1/19/2006 | 20 | 26,100.00 | 40 | - | YES | Y | Y | 26,100 | 40 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 2/1/2006 | 10 | 13,050.00 | 20 | - | YES | Y | Y | 13,050 | 20 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 2/1/2006 | 15 | 19,575.00 | 30 | - | YES | Y | Y | 19,575 | 30 | - |
| EXPEDITE FEE | | | EXPEDITE FEE | NGCA00 | 12/9/2005 | | 1,200.00 | | - | YES | Y | Y | 1,200 | - | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 2/21/2006 | 5 | 6,675.00 | 10 | - | YES | Y | Y | 6,675 | 10 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 2/24/2006 | 2 | 2,670.00 | 4 | - | YES | Y | Y | 2,670 | 4 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 3/2/2006 | 5 | 6,425.00 | 10 | - | YES | Y | Y | 6,425 | 10 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 3/8/2006 | 5 | 6,425.00 | 10 | - | YES | Y | Y | 6,425 | 10 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 3/8/2006 | 15 | 19,275.00 | 30 | - | YES | Y | Y | 19,275 | 30 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 3/23/2006 | 22 | 28,270.00 | 44 | - | YES | Y | Y | 28,270 | 44 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 3/24/2006 | 6 | 7,710.00 | 12 | - | YES | Y | Y | 7,710 | 12 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 4/2/2006 | 2 | 2,550.00 | 4 | - | YES | Y | Y | 2,550 | 4 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 4/28/2006 | 33 | 41,250.00 | 66 | - | YES | Y | Y | 41,250 | 66 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 5/8/2006 | 10 | 12,500.00 | 20 | - | YES | Y | Y | 12,500 | 20 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 5/19/2006 | 15 | 18,750.00 | 30 | - | YES | Y | Y | 18,750 | 30 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 6/23/2006 | 2 | 2,550.00 | 4 | - | YES | Y | Y | 2,550 | 4 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 6/23/2006 | 2 | 2,550.00 | 4 | - | YES | Y | Y | 2,550 | 4 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 8/30/2006 | 12 | 15,000.00 | 24 | - | YES | Y | Y | 15,000 | 24 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 7/7/2006 | 31 | 38,750.00 | 62 | - | YES | Y | Y | 38,750 | 62 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 8/18/2006 | 34 | 41,990.00 | 68 | - | YES | Y | Y | 41,990 | 68 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 8/21/2006 | 9 | 11,115.00 | 18 | - | YES | Y | Y | 11,115 | 18 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 8/25/2006 | 43 | 53,105.00 | 86 | - | YES | Y | Y | 53,105 | 86 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 9/21/2006 | 8 | 9,880.00 | 16 | - | YES | Y | Y | 9,880 | 16 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 9/26/2006 | 22 | 27,500.00 | 44 | - | YES | Y | Y | 27,500 | 44 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 9/29/2006 | 22 | 27,500.00 | 44 | - | YES | Y | Y | 27,500 | 44 | - |
| A21000100M6NG5C | | | A2-1000-100M-6-NG5C | NGCA00 | 10/27/2006 | 13 | 16,250.00 | 26 | - | YES | Y | Y | 16,250 | 26 | - |
| A2-1000-1M | | | 4 FIBER COTS M83526 PLUG TO | NGCA00 | 1/27/2006 | 5 | 4,375.00 | 10 | - | YES | Y | Y | 4,375 | 10 | - |
| A24000SC001M6NG26 | | | A2-4000-SC-001M-6-NG26 | NGCA00 | 12/31/2005 | 45 | 11,700.00 | - | 45 | YES | Y | Y | 11,700 | - | 45 |
| A24000SC001M6NG26 | | | A2-4000-SC-001M-6-NG26 | NGCA00 | 1/9/2006 | 40 | 10,400.00 | - | 40 | YES | Y | Y | 10,400 | - | 40 |
| A24000SC001M6NG26 | | | A2-4000-SC-001M-6-NG26 | NGCA00 | 1/9/2006 | 65 | 16,900.00 | - | 65 | YES | Y | Y | 16,900 | - | 65 |
| A24000SC001M6NG26 | | | A2-4000-SC-001M-6-NG26 | NGCA00 | 6/30/2006 | 30 | 7,800.00 | - | 30 | YES | Y | Y | 7,800 | - | 30 |
| A24000SC001M6NG46 | | | A2-4000-SC-001M-6-NG46 | NGCA00 | 3/2/2006 | 90 | 23,850.00 | - | 90 | YES | Y | Y | 23,850 | - | 90 |
| ALH-100203-0036 | C | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 8/31/2006 | 200 | 50,000.00 | - | 200 | YES | Y | Y | 50,000 | - | 200 |
| ALH-100203-0036 | C | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 9/18/2006 | 80 | 20,000.00 | - | 80 | YES | Y | Y | 20,000 | - | 80 |
| ALH-100203-0036 | C | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 10/2/2006 | 86 | 21,500.00 | - | 86 | YES | Y | Y | 21,500 | - | 86 |
| ALH-100203-0036 | C | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 10/23/2006 | 160 | 40,000.00 | - | 160 | YES | Y | Y | 40,000 | - | 160 |
| ALH-100203-0036 | D | | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 11/30/2006 | 48 | 12,000.00 | - | 48 | YES | Y | Y | 12,000 | - | 48 |
| ALH-100203-0036 | D | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/30/2006 | 50 | 12,500.00 | - | 50 | YES | Y | Y | 12,500 | - | 50 |
| ALH-100203-0036 | D | | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 11/30/2006 | 22 | 5,500.00 | - | 22 | YES | Y | Y | 5,500 | - | 22 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 10/24/2005 | 44 | 12,100.00 | - | 44 | YES | Y | Y | 12,100 | - | 44 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 10/27/2005 | 8 | 2,520.00 | - | 8 | YES | Y | Y | 2,520 | - | 8 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/1/2005 | 50 | 13,200.00 | - | 50 | YES | Y | Y | 13,200 | - | 50 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/4/2005 | 18 | 4,640.00 | - | 16 | YES | Y | Y | 4,640 | - | 16 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/21/2005 | 24 | 6,840.00 | - | 24 | YES | Y | Y | 6,840 | - | 24 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/28/2005 | 56 | 15,960.00 | - | 56 | YES | Y | Y | 15,960 | - | 56 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/30/2005 | 50 | 13,200.00 | - | 50 | YES | Y | Y | 13,200 | - | 50 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/30/2005 | 50 | 13,200.00 | - | 50 | YES | Y | Y | 13,200 | - | 50 |
| ALH-100203-0036 | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/30/2005 | 50 | 13,200.00 | - | 50 | YES | Y | Y | 13,200 | - | 50 |

EXHIBIT A
FOR ATTORNEY'S EYES
ONLY

## APPLIED OPTICAL SYSTEMS, INC.
### Shipments of TFOCA II Plugs & Receptacles
thru November 30, 2005

| Part # | | | | Description | Cust. No. | Invoice Date | Qty | Sales | Plugs | Rcpts | GOVERNMENT CONTRACT TRACABLE | PO | Govt Trace | Sales | Plugs | Rcpts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/5/2005 | 50 | 13,200.00 | - | 50 | YES | Y | Y | 13,200 | - | 50 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/9/2005 | 30 | 7,920.00 | - | 30 | YES | Y | Y | 7,920 | - | 30 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/14/2005 | 60 | 16,500.00 | - | 60 | YES | Y | Y | 16,500 | - | 60 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/20/2005 | 23 | 6,325.00 | - | 23 | YES | Y | Y | 6,325 | - | 23 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 1/17/2006 | 57 | 15,675.00 | - | 57 | YES | Y | Y | 15,675 | - | 57 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 2/21/2006 | 6 | 1,890.00 | - | 6 | YES | Y | Y | 1,890 | - | 6 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/2/2006 | 50 | 12,750.00 | - | 50 | YES | Y | Y | 12,750 | - | 50 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/8/2006 | 50 | 12,750.00 | - | 50 | YES | Y | Y | 12,750 | - | 50 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/8/2006 | 50 | 12,750.00 | - | 50 | YES | Y | Y | 12,750 | - | 50 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/20/2006 | 50 | 12,750.00 | - | 50 | YES | Y | Y | 12,750 | - | 50 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/20/2006 | 50 | 12,750.00 | - | 50 | YES | Y | Y | 12,750 | - | 50 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/21/2006 | 60 | 15,300.00 | - | 60 | YES | Y | Y | 15,300 | - | 60 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/21/2006 | 28 | 7,000.00 | - | 28 | YES | Y | Y | 7,000 | - | 28 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/24/2006 | 28 | 7,000.00 | - | 28 | YES | Y | Y | 7,000 | - | 28 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/24/2006 | 28 | 7,000.00 | - | 28 | YES | Y | Y | 7,000 | - | 28 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/24/2006 | 28 | 7,000.00 | - | 28 | YES | Y | Y | 7,000 | - | 28 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/25/2006 | 28 | 7,000.00 | - | 28 | YES | Y | Y | 7,000 | - | 28 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/28/2006 | 66 | 16,500.00 | - | 66 | YES | Y | Y | 16,500 | - | 66 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/30/2006 | 53 | 13,250.00 | - | 53 | YES | Y | Y | 13,250 | - | 53 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 4/30/2006 | 51 | 12,750.00 | - | 51 | YES | Y | Y | 12,750 | - | 51 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 5/15/2006 | 27 | 6,750.00 | - | 27 | YES | Y | Y | 6,750 | - | 27 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 5/25/2006 | 66 | 16,500.00 | - | 66 | YES | Y | Y | 16,500 | - | 66 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 5/30/2006 | 66 | 16,500.00 | - | 66 | YES | Y | Y | 16,500 | - | 66 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 6/23/2006 | 15 | 3,750.00 | - | 15 | YES | | Y | 3,750 | - | 15 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 6/23/2006 | 15 | 3,750.00 | - | 15 | YES | | Y | 3,750 | - | 15 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 6/23/2006 | 20 | 5,000.00 | - | 20 | YES | Y | Y | 5,000 | - | 20 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 7/18/2006 | 2 | 500.00 | - | 2 | YES | Y | Y | 500 | - | 2 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 8/17/2006 | 6 | 1,500.00 | - | 6 | YES | | Y | 1,500 | - | 6 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 8/25/2006 | 140 | 35,000.00 | - | 140 | YES | | Y | 35,000 | - | 140 |
| ALH-100203-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 9/6/2006 | 1 | 250.00 | - | 1 | YES | | Y | 250 | - | 1 |
| ALH-100203-0072 | C | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 9/25/2006 | 9 | 2,309.22 | - | 9 | YES | | Y | 2,309 | - | 9 |
| ALH-100205-0144 | A | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 10/30/2006 | 58 | 15,080.00 | - | 58 | YES | | Y | 15,080 | - | 58 |
| ALH-100205-0036 | A | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 10/31/2006 | 20 | 5,200.00 | - | 20 | YES | | Y | 5,200 | - | 20 |
| ALH-100205-0036 | A | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 11/9/2006 | 10 | 2,600.00 | - | 10 | YES | | Y | 2,600 | - | 10 |
| ALH-100205-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 1/25/2006 | 15 | 3,975.00 | - | 15 | YES | | Y | 3,975 | - | 15 |
| ALH-100205-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 1/27/2006 | 15 | 3,975.00 | - | 15 | YES | | Y | 3,975 | - | 15 |
| ALH-100205-0036 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 3/20/2006 | 58 | 14,560.00 | - | 56 | YES | | Y | 14,560 | - | 56 |
| ALH-100205-0072 | A | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 9/25/2006 | 9 | 2,336.22 | - | 9 | YES | | Y | 2,336 | - | 9 |
| ALH-100205-0144 | A | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 9/22/2006 | 4 | 1,050.32 | - | 4 | YES | | Y | 1,050 | - | 4 |
| ALH-102455-0048 (REWORK) | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 1/30/2006 | | 1,680.00 | - | - | YES | Y | Y | 1,680 | - | - |
| ALH-102455-0048 (REWORK) | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 2/1/2006 | | 2,640.00 | - | - | YES | Y | N | 2,640 | - | - |
| ALH-102455-0048 | | | | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 6/29/2006 | 30 | 1,440.00 | - | 30 | YES | | Y | 1,440 | - | 30 |
| PRICE DIFFERENCE | | | | PRICE DIFFERENCE | NGCA00 | 8/29/2006 | | 6,060.00 | | | YES | | | 6,060 | | |
| CCTA10831CLB | | | | COTS M83526 LOOPBACK PLUG | NGCA00 | 1/27/2006 | 5 | 2,250.00 | 5 | - | YES | Y | N | - | - | - |
| CCTA10831C-STA4 | | | | ADAPTOR,4 CH PLUG TO 4 ST ADP | NGCA00 | 3/30/2006 | 25 | 12,376.00 | 25 | - | YES | Y | Y | 12,375 | 25 | - |
| CCTA10831C-STA4 | | | | ADAPTOR,4 CH PLUG TO 4 ST ADP | NGCA00 | 3/31/2006 | 50 | 24,750.00 | 50 | - | YES | Y | Y | 24,750 | 50 | - |
| CCTA10831C-STA4 | | | | ADAPTOR,4 CH PLUG TO 4 ST ADP | NGCA00 | 3/31/2006 | 25 | 12,375.00 | 25 | - | YES | Y | Y | 12,375 | 25 | - |
| | | | | NORTHROP GRUMMAN | NGCA00 Total | | | 1,494,769.78 | 1,235 | 2,694 | | | | | | |
| A21000ST500FNG01 | | | | A2-1000-ST-500FNG01 = 4 FIBER | NGMD00 | 10/23/2006 | 2 | 1,508.00 | 2 | - | YES | | | 1,508 | 2 | - |
| A6DCW12C00D00100F | | | | A6-DCW-12-C00-D00-0100F = 4 | NGMD00 | 2/7/2006 | 5 | 5,906.65 | 5 | - | YES | Y | N | - | - | - |
| FCFBEAAGKN0100F | | | | FCFB-EAA-GKN-0100F = 4 FIBER | NGMD00 | 2/17/2006 | 1 | 850.00 | 1 | - | YES | Y | Y | 850 | 1 | - |
| | | | | NORTHRUP GRUMMAN ELEC | NGMD00 Total | | | 8,264.65 | 8 | | | | | - | | - |
| 6020-01-480-2953 | | | | CBL ASSY,4CH 83526/17 TO 4 ST | NWAL00 | 10/20/2005 | 40 | 8,000.00 | - | 40 | YES | | N | - | | - |
| | | | | NORTHWEST TECHNOLOGY | NWAL00 Total | | | 8,000.00 | | 40 | | | | - | | - |
| CCTB12831C | | | | CONN,RCPT,JAM NUT | OCTX00 | 9/7/2005 | 60 | 3,600.00 | - | 60 | YES | N | N | - | | - |
| CCTB22831C | | | | CONN,RCPT,JAM NUT,4CH,W/FEMAL | OCTX00 | 8/19/2005 | 20 | 1,200.00 | - | 20 | YES | N | N | - | | - |
| CCTB22831C | | | | CONN,RCPT,JAM NUT,4CH,W/FEMAL | OCTX00 | 9/21/2005 | 44 | 2,640.00 | - | 44 | YES | N | N | - | | - |
| CCTB22831MX-SP01 | | | | CONN,RCPT,JAM NUT,4CH,SPECIAL | OCTX00 | 8/31/2005 | 90 | 2,925.00 | - | 90 | YES | N | N | - | | - |
| CCTB22831MX-SP01 | | | | CONN,RCPT,JAM NUT,4CH,SPECIAL | OCTX00 | 9/7/2005 | 28 | 910.00 | - | 28 | YES | N | N | - | | - |
| CCTB22831MX-SP01 | | | | CONN,RCPT,JAM NUT,4CH,SPECIAL | OCTX00 | 9/15/2005 | 2 | 65.00 | - | 2 | YES | N | N | - | | - |
| CCTD22831C | | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | OCTX00 | 12/15/2005 | 18 | 2,160.00 | - | 18 | YES | N | N | - | | - |
| CCTD22831M | | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | OCTX00 | 8/15/2005 | 120 | 7,200.00 | - | 120 | YES | N | N | - | | - |
| CCTD22831M | | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | OCTX00 | 8/15/2005 | 20 | 1,200.00 | - | 20 | YES | N | N | - | | - |
| CCTD22831M | | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | OCTX00 | 10/4/2005 | (120) | (3,900.00) | - | (120) | YES | N | N | - | | - |
| CCTD22831M | | | | CONN,RCPT,FLG MT,HERM,4 CHAN, | OCTX00 | 10/4/2005 | (20) | (1,200.00) | - | (20) | YES | N | N | - | | - |
| | | | | OPTICAL CABLING SYS | OCTX00 Total | | | 16,800.00 | - | 262 | | | | - | | - |
| A2-1000-300M | | | | 4 FIBER COTS M83526 PLUG TO | OCVA00 | 7/27/2006 | 4 | | 8 | | NO | N | Y | - | 8 | - |
| A2-1000-FC-1 | | | | 4 FIBER COTS M83526 PLUG TO | OCVA00 | 7/28/2006 | 2 | | 2 | | NO | N | Y | - | 2 | - |
| A2-1000-SC-5 | | | | 4 FIBER COTS M83526 PLUG TO S | OCVA00 | 8/3/2006 | 6 | | 6 | | NO | N | Y | - | 6 | - |

EXHIBIT A
FOR ATTORNEY'S EYES
ONLY

## APPLIED OPTICAL SYSTEMS, INC.
### Shipments of TFOCA II Plugs & Receptacles
thru November 30, 2006

| Part # | | Description | Cust. No. | Invoice Date | Qty | Sales | Plugs | Rcpts | GOVERNMENT CONTRACT TRACABLE | PO | Govt Trace | Sales | Plugs | Rcpts |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FCBB12EAAEAA0100F | | FCBB-12-EAA-EAA-0100F | OCVA00 | 5/8/2006 | 1 | | 2 | - | NO | N | Y | - | 2 | - |
| GCBB12ECNGMN0006F | | GCBB-12-ECN-GMN-0006F | OCVA00 | 5/8/2006 | 1 | | - | 1 | NO | N | Y | - | - | 1 |
| GCBB12ECNGMN0030F | | GCBB-12-ECN-GMN-0030F | OCVA00 | 5/8/2006 | 1 | | - | 1 | NO | N | Y | - | - | 1 |
| OPTICAL CABLE CORP | | OCVA00 Total | | | | - | 18 | 2 | | | | - | - | - |
| | | | | | | | | | | | | | | |
| CCTA10F31CB | | CONN,PLUG,HERM,12 CHAN,83526, | OFMD00 | 8/14/2006 | 1 | 395.00 | 1 | - | YES | Y | N | - | - | - |
| CCTA10F31CH | | CONN,PLUG,HERM,12 CHAN,83526, | OFMD00 | 11/30/2006 | 17 | 6,715.00 | 17 | - | YES | Y | N | - | - | - |
| CCT822F31C | | CONN,RCPT,JAM NUT,12CH,W/FEM | OFMD00 | 5/9/2006 | 12 | 3,960.00 | - | 12 | YES | Y | N | - | - | - |
| OPTIMUM FIBEROPTICS | | OFMD00 Total | | | | 11,070.00 | 18 | 12 | | | | - | - | - |
| | | | | | | | | | | | | | | |
| AGCFD4301036001F | | A-GCF-04-301-036-001F  4 FIBE | RITX00 | 1/30/2006 | 1 | 350.00 | 1 | - | YES | Y | Y | 350 | 1 | - |
| AGCFD4301036001F | | A-GCF-04-301-036-001F  4 FIBE | RITX00 | 1/31/2006 | 42 | 14,700.00 | 42 | - | YES | Y | Y | 14,700 | 42 | - |
| AGCFD4301036001F | | A-GCF-04-301-036-001F  4 FIBE | RITX00 | 1/31/2006 | 3 | 1,050.00 | 3 | - | YES | Y | Y | 1,050 | 3 | - |
| AGCFD4301036001F | | A-GCF-04-301-036-001F  4 FIBE | RITX00 | 2/8/2006 | 4 | 1,400.00 | 4 | - | YES | Y | Y | 1,400 | 4 | - |
| RAYTHEON | | RITX00 Total | | | | 17,500.00 | 50 | - | | | | - | - | - |
| | | | | | | | | | | | | | | |
| 888847-001 | A | 4 CHANNEL COTS M83526 JAM NUT | TAPA00 | 11/30/2006 | 20 | 5,000.00 | - | 20 | YES | Y | Y | 5,000 | - | 20 |
| A2-7000-SC-10F | | 4 CHANNEL COTS M83526 FLANGE | TAPA00 | 11/29/2006 | 20 | 4,900.00 | - | 20 | YES | Y | Y | 4,900 | - | 20 |
| A2-7000-SC-10F | | 4 CHANNEL COTS M83526 FLANGE | TAPA00 | 11/29/2006 | 30 | 7,350.00 | - | 30 | YES | Y | Y | 7,350 | - | 30 |
| GCFN04EFAGLN0003M | | 4 FIBER JAM NUT STRAIN RELIEF | TAPA00 | 8/31/2006 | 8 | 3,160.00 | - | 8 | YES | N | Y | 3,160 | - | 8 |
| TOBYHANNA | | TAPA00 Total | | | | 20,410.00 | - | 78 | | | | - | - | - |
| | | | | | | | | | | | | | | |
| CCTA10B31CA | A | CONN,PLUG,HERM,4 CHAN,83526, | TCOR00 | 8/7/2006 | 1 | 285.00 | 1 | - | NO | Y | N | - | - | - |
| CCTB21B31C | 3 | CONN,RCPT,JAM NUT,4CH,EM,LW | TCOR00 | 8/7/2006 | 1 | 189.00 | - | 1 | NO | Y | N | - | - | - |
| TIMBERCON | | TCOR00 Total | | | | 474.00 | 1 | 1 | | | | - | - | - |
| | | | | | | | | | | | | | | |
| GCBF06EGNEGN0001F | | GCBF-06-EGN-EGN-0001F | WSNM00 | 3/28/2006 | 1 | | - | 1 | YES | N | Y | - | - | 1 |
| GCBF06EGNGLN0030F | | GCBF-06-EGN-GLN-0030F | WSNM00 | 3/16/2006 | 2 | | - | 2 | YES | N | Y | - | - | 2 |
| WHITE SANDS | | WSNM00 Total | | | | - | - | 3 | | | | - | - | - |
| | | | | | | | | | | | | | | |
| | | Grand Total | | | | 1,737,838.19 | 1,554 | 3,246 | | | | 1,655,818 | 1,489 | 2,846 |
| | | | | | | | | | | | | 95.28% | 95.82% | 87.68% |

EXHIBIT A
FOR ATTORNEY'S EYES ONLY

## APPLIED OPTICAL SYSTEMS, INC.

### Shipments of TFOCA II Plus & Receptacles

December 1, 2006 thru September 30, 2007

| Part | Description | No. | Date | Qty | Sales | Per | Units | GOVT CONTRACT TRACABLE |
|------|-------------|-----|------|-----|-------|-----|-------|------------------------|
| GCBN04EFAGNN44I A | ASSY, 4 CH COTS M83526 STRAIN | AAMD00 | 07/19/07 | 2 | 777.14 | 1 | 2 | |
| GCBN04EFAGNN44I A | ASSY, 4 CH COTS M83526 STRAIN | AAMD00 | 07/19/07 | 8 | 3,108.56 | 1 | 8 | |
| | AAI CORP | AAMD00 Total | | | 3,885.70 | | 10 | Y |
| | | | | | | | | |
| ANBN04EGNGNN18IU A | 4 CHANNEL COTS M83526 FLANGE | AFVA00 | 12/30/06 | 6 | 2,214.00 | 1 | 6 | |
| FCBJEANEAN500MUR A | 4 CHANNEL COTS M83526 PLUG TO | AFVA00 | 12/30/08 | 6 | 6,960.00 | 2 | 6 | |
| | AMERICAN FIBER OPTICS | AFVA00 Total | | | 9,174.00 | | 12 | M |
| | | | | | | | | |
| 20070726EG01AQTJDA | ASSY, 4 CH M83522 JAM NUT | ATMD00 | 08/20/07 | 4 | 980.00 | 1 | 4 | |
| | ACCU-TECH CORP | ATMD00 Total | | | 980.00 | | 4 | Y |
| | | | | | | | | |
| A20070518EG01BAE A | ASSY, 12 CH COTS M83526 PLUG | BSMD00 | 07/26/07 | 2 | 5,757.74 | 2 | 4 | |
| A20070518EG01BAE A | ASSY, 12 CH COTS M83526 PLUG | BSMD00 | 08/09/07 | 1 | 2,878.87 | 2 | 2 | |
| A20070518EG02BAE A | ASSY, 12 CH COTS M83526 FLANGE | BSMD00 | 07/26/07 | 3 | 2,163.48 | 2 | 6 | |
| | BAE SYSTEMS | BSMD00 Total | | | 10,800.09 | | 12 | Y |
| | | | | | | | | |
| GCFB12EANJEN11F | 12 CH PIERSIDE PLUG TO | CMAL00 | 01/26/07 | 8 | 11,280.00 | 1 | 8 | |
| GCFB12EANJEN12F | 12 CH PIERSIDE PLUG TO | CMAL00 | 01/26/07 | 8 | 11,280.00 | 1 | 8 | |
| | CHANDLER/MAY, INC | CMAL00 Total | | | 22,560.00 | | 16 | Y |
| | | | | | | | | |
| ANBF04ECNGMN0001MA | ASSY, 4 CH COTS M83526 JAM NUT | CPVA00 | 07/26/07 | 2 | 490.00 | 1 | 2 | |
| FCFJ02EANEAN0250MA | ASSEMBLY, 2 CH COTS M83526/16 | CPVA00 | 03/28/07 | 1 | 1,098.00 | 2 | 2 | |
| | CABLES PLUS | CPVA00 Total | | | 1,588.00 | | 4 | M |
| | | | | | | | | |
| ANFE04ECNGNN0002FA | ASSEMBLY, 4 CH COTS M83526 JAM | CWIL00 | 05/16/07 | 4 | 1,157.80 | 1 | 4 | |
| FCFJ04EANEAN0500FA | ASSEMBLY, 4 CH COTS M83526 | CWIL00 | 05/16/07 | 2 | 2,619.74 | 2 | 4 | |
| | CLARK WIRE & CABLE | CWIL00 Total | | | 3,777.54 | | 8 | M |
| | | | | | | | | |
| 20070221MJ-01 | ASSY, 4 CH COTS M83526 JAM NUT | DENJ00 | 09/12/07 | 1 | 230.00 | 1 | 1 | |
| 20070221MJ-01 | ASSY, 4 CH COTS M83526 JAM NUT | DENJ00 | 09/12/07 | -1 | (230.00) | 1 | (1) | |
| 20070221MJ-01 | ASSY, 4 CH COTS M83526 JAM NUT | DENJ00 | 09/13/07 | 1 | 230.00 | 1 | 1 | |
| 20070221MJ-01 | ASSY, 4 CH COTS M83526 JAM NUT | DENJ00 | 09/21/07 | 60 | 13,800.00 | 1 | 60 | |
| 20070221MJ-01 | ASSY, 4 CH COTS M83526 JAM NUT | DENJ00 | 09/27/07 | 69 | 15,870.00 | 1 | 69 | |
| 20070221MJ-01 | ASSY, 4 CH COTS M83526 JAM NUT | DENJ00 | 09/27/07 | 50 | 11,500.00 | 1 | 50 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 01/05/07 | 2 | 413.80 | 1 | 2 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 01/24/07 | 10 | 1,715.00 | 1 | 10 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 02/07/07 | 20 | 3,430.00 | 1 | 20 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 02/21/07 | 20 | 3,430.00 | 1 | 20 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 07/20/07 | 10 | 1,919.00 | 1 | 10 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 07/27/07 | 10 | 1,919.00 | 1 | 10 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 08/23/07 | 10 | 1,919.00 | 1 | 10 | |
| CCTB21B31C    3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | DENJ00 | 09/26/07 | 10 | 1,919.00 | 1 | 10 | |
| | DELAIRE USA | DENJ00 Total | | | 58,064.80 | | 272 | Y |
| | | | | | | | | |
| 13603136    A | ASSY, 4 CH COTS M83526 FLANGE | DYAL00 | 07/10/07 | 1 | 315.00 | 1 | 1 | |
| | DYNETICS, INC | DYAL00 Total | | | 315.00 | | 1 | Y |
| | | | | | | | | |
| ANFE04ECNGJN0001MA | 4 CH COTS M83526 JAM NUT | FOMA00 | 02/15/07 | 4 | 1,300.00 | 1 | 4 | |
| FCFJ04EAAEAA0005MA | 4 CH COTS M83526 PLUG TO PLUG | FOMA00 | 02/15/07 | 2 | 1,550.00 | 2 | 4 | |
| | FIBER OPTIC CENTER | FOMA00 Total | | | 2,850.00 | | 8 | M |
| | | | | | | | | |
| 09-2730081-4   D | ASSEMBLY, COTS M83526/16 PLUG | GDMA00 | 04/30/07 | 2 | 4,200.00 | 1 | 2 | |
| A070522GDDR-01 D | ASSY, 4 CH COTS M83526 PLUG TO | GDGA00 | 08/29/07 | 1 | - | 2 | 2 | |
| | GENERAL DYNAMICS | GDMA00 Total | | | 4,200.00 | | 4 | Y |
| | | | | | | | | |
| ANBE04EDNGLN0010FA | ASSEMBLY, 4 CH COTS M83526 | KC00OH | 04/30/07 | 34 | 9,826.00 | 1 | 34 | |
| ANBE04EDNGLN0010FA | ASSEMBLY, 4 CH COTS M83526 | KC00OH | 05/03/07 | 10 | 2,890.00 | 1 | 10 | |
| ANBE12EDNGLN0010FA | ASSEMBLY, 12 CH COTS M83526 | KC00OH | 06/07/07 | 21 | 13,550.00 | 1 | 21 | |
| ANBE12EDNGLN0010FA | ASSEMBLY, 12 CH COTS M83526 | KC00OH | 06/11/07 | 19 | 12,350.00 | 1 | 19 | |
| ANFE12EDNGLN0010FA | ASSEMBLY, 12 CH COTS M83526 | KC00OH | 06/22/07 | 30 | 18,860.00 | 1 | 30 | |
| DCBJ12EAAGLN0010FA | ASSEMBLY, 12 CH COTS M83526 | KC00OH | 05/29/07 | 4 | 3,060.00 | 1 | 4 | |
| GCFJ12EAAGLN0010FA | ASSEMLBY, 12 CH COTS M83526 | KC00OH | 05/29/07 | 4 | 3,000.00 | 1 | 4 | |
| | KOEHLKE COMPONENTS | KC00OH Total | | | 63,436.00 | | 122 | Y |
| | | | | | | | | |
| CCTA10B11CA | CONN,PLUG,HERM,4 CHAN,83526, | KSFL00 | 12/11/06 | 8 | 2,271.20 | 1 | 8 | |
| CCTB22B11C | CONN,RCPT,JAM NUT,4CH,W/FEMALE | KSFL00 | 01/09/07 | 3 | 545.70 | 1 | 3 | |
| | KIENTEC SYSTEMS | KSFL00 Total | | | 2,816.90 | | 11 | Y |

EXHIBIT B
FOR ATTORNEY'S EYES
ONLY

## APPLIED OPTICAL SYSTEMS, INC.

### Shipments of TFOCA II Plus & Receptacles

December 1, 2006 thru September 30, 2007

| Part | Description | No. | Date | Qty | Sales | Per | Units | GOVT CONTRACT TRACABLE |
|------|-------------|-----|------|-----|-------|-----|-------|------------------------|
| 40009067+000   A | 2 CH D38999 PLUG TO 4 CH COTS | L3UT00 | 09/26/07 | 3 | 1,350.00 | 1 | 3 | |
| | **L3 COMMUNICATIONS** | **L3UT00 Total** | | | **1,350.00** | | **3** | **Y** |
| | | | | | | | | |
| A070306DRNGA-2   B | ASSY, 12 CH COTS M83526 FLANGE | LMAZ00 | 07/20/07 | 4 | 3,012.00 | 1 | 4 | |
| A24000ST1001M62   A | A2-4000-ST1-001M-62-N031 | LMAZ00 | 07/20/07 | 5 | 1,375.00 | 1 | 5 | |
| | **LOCKHEED MARTIN** | **LMAZ00 Total** | | | **4,387.00** | | **9** | **Y** |
| | | | | | | | | |
| ANBE04ECNGJN0003FA | ASSEMBLY, 4 CH COTS M83526 JAM | MENY00 | 07/12/07 | 4 | 1,320.00 | 1 | 4 | |
| ANBF04ECNGMN0001MA | ASSY, 4 CH COTS M83526 JAM NUT | MENY00 | 08/20/07 | 4 | 1,392.00 | 1 | 4 | |
| ANFE04ECNGJN0005FA | ASSEMBLY, COTS M83526 JAM NUT | MENY00 | 05/21/07 | 1 | 285.00 | 1 | 1 | |
| FBDJ04EAAEAA0500FA | ASSEMBLY, 4 CH COTS M83526 | MENY00 | 07/12/07 | 2 | 2,600.00 | 2 | 4 | |
| FBDJ04EAAEAA0500FA | ASSEMBLY, 4 CH COTS M83526 | MENY00 | 08/29/07 | 3 | 3,900.00 | 2 | 6 | |
| GCBN04ECNGLN0010MA | ASSEMBLY, 4 CH COTS M83526 | MENY00 | 06/20/07 | 10 | 2,950.00 | 1 | 10 | |
| GCBN04ECNGNN0001MA | ASSEMBLY, 4 CH COTS M83526 | MENY00 | 06/20/07 | 20 | 5,800.00 | 1 | 20 | |
| GCBN04ECNGNN0010MA | ASSEMBLY, COTS M83526 JAM NUT | MENY00 | 05/21/07 | 10 | 2,950.00 | 1 | 10 | |
| NCBB04DAN2EAN250F | 12 CHANNEL COTS M83526 PLUG TO | MENY00 | 12/30/06 | 6 | 12,750.00 | 1 | 6 | |
| T2K-TF-1K-SM   A | ASSEMBLY, 4 CH COTS M83526 | MENY00 | 04/20/07 | 6 | 10,308.00 | 2 | 12 | |
| TAC-2000-FAN-SMSTA | ASSY, 4 CH COTS M83526 JAM NUT | MENY00 | 09/30/07 | 14 | 4,130.00 | 1 | 14 | |
| | **MULTIDYNE ELECTRONICS** | **MENY00 Total** | | | **48,385.00** | | **91** | **Y** |
| | | | | | | | | |
| ANLE04EDNGJ/MN02FB | ASSY, 4 CH COTS M83526 FLANGE | MPPA00 | 09/21/07 | 1 | 325.00 | 1 | 1 | |
| ANLE04EDNGJ/MN02FB | ASSY, 4 CH COTS M83526 FLANGE | MPPA00 | 09/27/07 | 1 | 325.00 | 1 | 1 | |
| CCTA10F31CH | CONN,PLUG,HERM,12 CHAN,83526, | MPPA00 | 05/18/07 | 40 | 11,800.00 | 1 | 40 | |
| CCTG22F31CH | CONN,RCPT,FLG MT,12CH,SRR, | MPPA00 | 05/21/07 | 40 | 11,400.00 | 1 | 40 | |
| FCLJ04EANEAN0153MB | ASSY, 4 CH COTS M83526 PLUG TO | MPPA00 | 09/25/07 | 1 | 795.00 | 2 | 2 | |
| GCLN04EDAGMA006F  B | ASSY, 4 CH COTS M83526 FLANGE | MPPA00 | 09/30/07 | 1 | 325.00 | 1 | 1 | |
| | **MICROWAVE PHOTONIC SYSTEMS** | **MPPA00 Total** | | | **24,970.00** | | **85** | **Y** |
| | | | | | | | | |
| 888847-001   B | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 04/05/07 | 2 | 500.00 | 1 | 2 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 12/20/06 | 4 | 4,940.00 | 2 | 8 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 03/19/07 | 42 | 50,316.00 | 2 | 84 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 04/30/07 | 10 | 11,980.00 | 2 | 20 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 05/11/07 | 33 | 39,468.00 | 2 | 66 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 05/22/07 | 74 | 88,504.00 | 2 | 148 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 06/28/07 | 1 | 1,196.00 | 2 | 2 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 08/08/07 | 1 | 1,196.00 | 2 | 2 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 08/20/07 | 1 | 1,196.00 | 2 | 2 | |
| A21000100M6NG5C | A2-1000-100M-6-NG5C | NGCA00 | 08/20/07 | 43 | 51,428.00 | 2 | 86 | |
| ALH-100203-0036  D | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 12/19/06 | 68 | 17,000.00 | 1 | 68 | |
| ALH-100203-0036  D | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 12/22/06 | 18 | 4,500.00 | 1 | 18 | |
| ALH-100203-0036  D | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 12/29/06 | 144 | 36,000.00 | 1 | 144 | |
| ALH-100203-0036  D | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 12/30/06 | 52 | 13,000.00 | 1 | 52 | |
| ALH-100203-0036  D | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 03/19/07 | 28 | 7,000.00 | 1 | 28 | |
| ALH-100203-0036  D | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 04/30/07 | 89 | 22,250.00 | 1 | 89 | |
| ALH-100203-0036  E | ASSEMBLY, 4 CH COTS M83526 JAM | NGCA00 | 06/30/07 | 39 | 9,516.00 | 1 | 39 | |
| ALH-100203-0036  E | ASSEMBLY, 4 CH COTS M83526 JAM | NGCA00 | 08/20/07 | 131 | 31,964.00 | 1 | 131 | |
| ALH-100203-0036  E | ASSEMBLY, 4 CH COTS M83526 JAM | NGCA00 | 08/31/07 | 195 | 47,580.00 | 1 | 195 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/28/06 | 8 | 2,080.00 | 1 | 8 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 02/09/07 | 8 | 2,080.00 | 1 | 8 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 05/18/07 | 15 | 3,900.00 | 1 | 15 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 05/21/07 | 17 | 4,420.00 | 1 | 17 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 06/05/07 | 12 | 3,120.00 | 1 | 12 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 06/26/07 | 20 | 5,200.00 | 1 | 20 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 06/27/07 | 3 | 780.00 | 1 | 3 | |
| ALH-100205-0036  A | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 06/29/07 | 4 | 1,040.00 | 1 | 4 | |
| ALH-102341-0026  B | 4 CHANNEL COTS M83526 JAM NUT | NGCA00 | 12/30/06 | 24 | 6,240.00 | 1 | 24 | |
| ALH-102455-0048 | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/22/06 | 27 | 6,750.00 | 1 | 27 | |
| ALH-102455-0072 | 4 FIBER COTS M83526 JAM NUT | NGCA00 | 12/22/06 | 9 | 2,250.00 | 1 | 9 | |
| ALH-103286-0024  01 | ASSEMBLY, 12 CH COTS M83526 | NGCA00 | 06/12/07 | 14 | 9,045.26 | 1 | 14 | |
| CCTA10B31C-STA4 | ADAPTOR,4 CH PLUG TO 4 ST ADPT | NGCA00 | 06/28/07 | 20 | 9,900.00 | 1 | 20 | |
| CCTA10B31C-STA4 | ADAPTOR,4 CH PLUG TO 4 ST ADPT | NGCA00 | 08/29/07 | 2 | 990.00 | 1 | 2 | |
| | **NORTHROP GRUMMAN** | **NGCA00 Total** | | | **497,329.26** | | **1,367** | **Y** |
| | | | | | | | | |
| 7A14256H04   A | 8 CH COTS M83526 JAM NUT | NGMD00 | 02/08/07 | 1 | 500.00 | 1 | 1 | |
| 7A14256H04   A | 8 CH COTS M83526 JAM NUT | NGMD00 | 08/20/07 | 1 | 500.00 | 1 | 1 | |
| A070306DRNGA-2  B | ASSY, 12 CH COTS M83526 FLANGE | NGMD00 | 07/13/07 | 4 | 2,740.00 | 1 | 4 | |
| A070510NGDR-01  B | ASSY, 12 CH COTS M83526 PLUG | NGMD00 | 07/16/07 | 3 | 2,548.68 | 1 | 3 | |
| A121000030M62  B | A12-1000-030M-62-N035 | NGMD00 | 07/16/07 | 4 | 5,972.00 | 2 | 8 | |

EXHIBIT B
FOR ATTORNEY'S EYES
ONLY

## APPLIED OPTICAL SYSTEMS, INC.

### Shipments of TFOCA II Plus & Receptacles

December 1, 2006 thru September 30, 2007

| Part | Description | No. | Date | Qty | Sales | Per | Units | GOVT CONTRACT TRACABLE |
|------|-------------|-----|------|-----|-------|-----|-------|------------------------|
| A121000030M62   B | A12-1000-030M-62-N035 | NGMD00 | 07/20/07 | 4 | 5,972.00 | 2 | 8 | |
| A210000151M62N033B | ASSY, 4 CH COTS M83526 PLUG TO | NGMD00 | 07/18/07 | 16 | 23,968.00 | 2 | 32 | |
| A210000151M62N033B | ASSY, 4 CH COTS M83526 PLUG TO | NGMD00 | 08/20/07 | 1 | 1,498.00 | 2 | 2 | |
| A21000030M62N032 | A2-1000-030M-62-N032 | NGMD00 | 06/29/07 | 7 | 4,760.00 | 2 | 14 | |
| A21000030M62N032 | A2-1000-030M-62-N032 | NGMD00 | 07/18/07 | 8 | 5,440.00 | 2 | 16 | |
| A21000030M62N032 | A2-1000-030M-62-N032 | NGMD00 | 08/20/07 | 5 | 3,400.00 | 2 | 10 | |
| A24000ST1001M62   A | A2-4000-ST1-001M-62-N031 | NGMD00 | 06/21/07 | 18 | 3,420.00 | 1 | 18 | |
| A24000ST1001M62   A | A2-4000-ST1-001M-62-N031 | NGMD00 | 06/29/07 | 5 | 950.00 | 1 | 5 | |
| A24000ST1001M62   A | A2-4000-ST1-001M-62-N031 | NGMD00 | 07/18/07 | 6 | 1,350.00 | 1 | 6 | |
| A24000ST1001M62   A | A2-4000-ST1-001M-62-N031 | NGMD00 | 08/20/07 | 2 | 450.00 | 1 | 2 | |
| A24000ST1001M62   A | A2-4000-ST1-001M-62-N031 | NGMD00 | 08/20/07 | 1 | 225.00 | 1 | 1 | |
| A6DCW12C00DD0100F | ASSY, 12 CH COTS M83526 PLUG | NGMD00 | 08/31/07 | 1 | 1,181.33 | 1 | 1 | |
| FCFJ08EANEAN0100F | ASSY, 8CH COTS M83526 PLG TO | NGMD00 | 08/20/07 | 3 | 3,840.00 | 2 | 6 | |
| GCFN08ECNGKN0002FA | 8 CH COTS M83526 JAM NUT | NGMD00 | 03/14/07 | 1 | 500.00 | 1 | 1 | |
| GCFN08ECNGKN0002FA | 8 CH COTS M83526 JAM NUT | NGMD00 | 03/14/07 | 1 | 500.00 | 1 | 1 | |
| GCFN08ECNGKN0002FA | 8 CH COTS M83526 JAM NUT | NGMD00 | 03/20/07 | 1 | 500.00 | 1 | 1 | |
| GCFN08ECNGKN0002FA | 8 CH COTS M83526 JAM NUT | NGMD00 | 04/30/07 | 1 | 500.00 | 1 | 1 | |
| GCFN08ECNGKN0002FA | ASSY, 8 CH COTS M83526 JAM | NGMD00 | 08/20/07 | 1 | 500.00 | 1 | 1 | |
| | **NORTHROP GRUMMAN** | **NGMD00 Total** | | | 71,215.01 | | 143 | Y |
| | | | | | | | | |
| A21000400M6REEL | A2-1000-400M-6+REEL | NWEG00 | 01/25/07 | 11 | 38,500.00 | 1 | 11 | |
| A27011ST206M63245 | A2-7011-ST2-006M-6-3245 | NWEG00 | 01/25/07 | 12 | 5,400.00 | 1 | 12 | |
| A27012ST206M63245 | A2-7012-ST2-006M-6-3245 | NWEG00 | 01/25/07 | 11 | 4,950.00 | 1 | 11 | |
| | **NETWORKS - EGYPT** | **NWEG00 Total** | | | 48,850.00 | | 34 | M |
| | | | | | | | | |
| 20061207MJ-4P-P | 4 CHANNEL COTS M83526 PLUG TO | OCVA00 | 12/12/06 | 1 | - | 2 | 2 | |
| 20061207MJ-4R-SC | 4 CHANNEL COTS M83526 JAM NUT | OCVA00 | 12/12/06 | 1 | - | 1 | 1 | |
| 20070117MJ-01 | 4 CH COTS M83526 JAM NUT | OCVA00 | 01/29/07 | 1 | - | 1 | 1 | |
| 20070117MJ-02 | 4 CH COTS M83526 PLUG TO MIL | OCVA00 | 01/29/07 | 1 | - | 1 | 1 | |
| | **OPTICAL CABLE CORP** | **OCVA00 Total** | | | - | | 5 | Y |
| | | | | | | | | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | OFMD00 | 04/12/07 | 2 | 570.00 | 1 | 2 | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | OFMD00 | 07/09/07 | 2 | 560.00 | 1 | 2 | |
| CCTA10B31CA   A | CONN,PLUG,HERM,12 CHAN,83526, | OFMD00 | 12/07/06 | 6 | 2,370.00 | 1 | 6 | |
| CCTB21B31C   3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | OFMD00 | 07/09/07 | 2 | 370.00 | 1 | 2 | |
| | **OPTIMUM FIBEROPTICS** | **OFMD00 Total** | | | 3,870.00 | | 12 | Y |
| | | | | | | | | |
| ANBF04ECNGLN0001MA | ASSY, 4 CH M83526 JAM NUT | PKNJ00 | 07/27/07 | 3 | 960.00 | 1 | 3 | |
| | **PKMM, INC** | **PKNJ00 Total** | | | 960.00 | | 3 | Y |
| | | | | | | | | |
| 950-0308-500   A | 4 CHANNEL COTS M83526 PLUG TO | TAPA00 | 01/31/07 | 33 | 77,385.00 | 2 | 66 | |
| 950-0308-500   A | 4 CHANNEL COTS M83526 PLUG TO | TAPA00 | 02/09/07 | 2 | 4,690.00 | 2 | 4 | |
| C83526/99-15-101 | ADAPTOR,83528/16 TO /12,45DEG, | TAPA00 | 12/30/06 | 35 | 23,100.00 | 1 | 35 | |
| C83526/99-15-101 | ADAPTOR,83528/16 TO /12,45DEG, | TAPA00 | 12/30/06 | 13 | 8,580.00 | 1 | 13 | |
| C83526/99-16-101 | ADAPTOR,83526/16 TO /12,STRT, | TAPA00 | 12/30/06 | 45 | 29,700.00 | 1 | 45 | |
| CCTA10B31C-STA4 | ADAPTOR,4 CH PLUG TO 4 ST ADPT | TAPA00 | 03/29/07 | 9 | 4,455.00 | 1 | 9 | |
| CCTA10B31C-STA4 | ADAPTOR,4 CH PLUG TO 4 ST ADPT | TAPA00 | 04/03/07 | 11 | 5,445.00 | 1 | 11 | |
| CCTA10B31C-STA4 | ADAPTOR,4 CH PLUG TO 4 ST ADPT | TAPA00 | 08/10/07 | 6 | 3,199.98 | 1 | 6 | |
| GCFN04EFAGLN0003M | 4 FIBER JAM NUT STRAIN RELIEF | TAPA00 | 06/25/07 | 4 | 1,580.00 | 1 | 4 | |
| | **TOBYHANNA ARMY DEPOT** | **TAPA00 Total** | | | 158,134.98 | | 193 | Y |
| | | | | | | | | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | TCOR00 | 04/12/07 | 20 | 5,700.00 | 1 | 20 | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | TCOR00 | 04/24/07 | 6 | 1,710.00 | 1 | 6 | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | TCOR00 | 07/09/07 | 2 | 570.00 | 1 | 2 | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | TCOR00 | 07/24/07 | 4 | 1,140.00 | 1 | 4 | |
| CCTA10B31CA   A | CONN,PLUG,HERM,4 CHAN,83526, | TCOR00 | 08/20/07 | 2 | 570.00 | 1 | 2 | |
| CCTB21B31C   3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | TCOR00 | 07/24/07 | 4 | 756.00 | 1 | 4 | |
| CCTB21B31C   3 | CONN,RCPT,JAM NUT,4CH,EMI,W/ | TCOR00 | 08/20/07 | 8 | 1,512.00 | 1 | 8 | |
| | **TIMBERCON** | **TCOR00 Total** | | | 11,958.00 | | 46 | M |
| | | | | | | | | |
| ANBF04ECNGLN0001MA | ASSY, 4 CH COTS M83526 JAM NUT | USTX00 | 09/10/07 | 8 | 2,822.64 | 1 | 8 | |
| | **US ARMY, FT BLISS** | **USTX00 Total** | | | 2,822.64 | | 8 | Y |
| | | | | | | | | |
| AOS-0000241   D | ASSY, 12 CH COTS M83526 PLUG | YPAZ01 | 07/30/07 | 20 | 51,740.00 | 1 | 20 | |
| AOS-0000242   C | ASSY, 12 CH COTS M83526 JAM | YPAZ01 | 07/30/07 | 65 | 81,900.00 | 1 | 65 | |
| | **ACA - SOUTHERN REGION** | **YPAZ01 Total** | | | 133,640.00 | | 85 | Y |
| | | | | | | | | |
| | | **Grand Total** | | | 1,192,319.92 | | 2,568 | |

EXHIBIT B
FOR ATTORNEY'S EYES
ONLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **FIBER SYSTEMS INTERNATIONAL, INC.,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 2-06-CV-473** |
| **vs.** | § § | |
| **APPLIED OPTICAL SYSTEMS, INC.,** | § § | |
| **Defendant.** | § | |

## DEFENDANT APPLIED OPTICAL SYSTEMS, INC.'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff, Fiber Systems International, Inc., by and through its counsel of record, Christopher M. Joe, Greenberg Traurig, LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201.

COMES NOW, Defendant Applied Optical Systems, Inc. ("AOSI") and serves its Objections and Answers to Plaintiff Fiber Systems International, Inc.'s ("FSI") First Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____

J. Robert Arnett II
Texas State Bar No. 01332900
E. Leon Carter
Texas State Bar No. 03914300
Jamil N. Alibhai
Texas State Bar No. 00793248
William A. Munck
Texas State Bar No. 00786127
Robert D. McCutcheon
Texas State Bar No. 00789480

EXHIBIT
tabbies'
B

MUNCK BUTRUS, P.C.
13155 Noel Road
900 Three Galleria Tower
Dallas, Texas 75240
(972) 628-3600 - Telephone
(972) 628-3616 - Facsimile

ATTORNEYS FOR DEFENDANT
APPLIED OPTICAL SYSTEMS, INC.


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of September, 2007, a true and correct copy of the above and foregoing was served upon Plaintiff's counsel of record via first class mail, postage prepaid and addressed as follows:

Christopher M. Joe
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

J. Robert Arnett II

---

# I.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

AOSI objects to the Interrogatories to the extent they seek communications or information protected by the attorney-client privilege, the attorney work-product privilege, the party communication privilege, and all other applicable privileges, exemptions, and immunities.

AOSI objects to the Interrogatories to the extent they seek to expand or modify the scope or breadth of the Federal Rules of Civil Procedure or increase AOSI's duties or obligations under the Rules.

AOSI objects to the Interrogatories to the extent they seek information not in the possession, custody, or control of AOSI.

AOSI reserves the right to amend, supplement, or modify its answers as appropriate based upon additional discovery or investigation.

AOSI objects to the definition of "AOS" as multipartite, unduly burdensome, unreasonable, and confusing.

AOSI objects to the definition of "FSI" as multipartite, unduly burdensome, unreasonable, and confusing.

AOSI objects to the aggregated definition of "discuss," "relate to," or "support" as confusing and incomprehensible. AOSI will respond to the Interrogatories using the common meanings of those terms.

AOSI objects to the instruction regarding supplementation as inconsistent with the Federal Rules of Civil Procedure. AOSI will comply with Rule 26(e) of the Federal Rules of Civil Procedure.

# II.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

## INTERROGATORY NO. 1:

For each Accused Product supplied or sold by AOS which AOS contends is subject to the 28 U.S.C. section 1498(a) immunity, please provide the following information: the date of the Government contract covering such sale; the contract number and the solicitation numbers for the Government contract; the name, principal contact person(s), address, and telephone number of each Customer to whom you sold or supplied Accused Products under that Government contract; the date and purchase order number of each purchase order from that Customer made

pursuant to the Government contract; the date(s) of each shipment of Accused Product to that Customer and the number of units shipped on each shipment date; the total number of units of each Accused Product supplied or sold by AOS pursuant to the Government contract; the total dollar revenues for such sales; the average price per unit charged for such sales; the serial number of each Accused Product; and the gross profit and net incremental profit for each sale.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as seeking information that is confidential, proprietary, and/or competitively sensitive.   AOSI objects to this interrogatory as unduly burdensome and unreasonable.  AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 2:

For each Accused Product supplied or sold by AOS that AOS contends is not subject to the 28 U.S.C. section 1498(a) immunity, please provide the following information:  the date of the contract covering such sale; the contract number and the solicitation numbers for the contact; the name, principal contact person(s), address, and telephone number of each Customer to whom you sold or supplied Accused Products under that contract; the date(s) of each shipment of Accused Product to that Customer and the number of units shipped on each shipment date; the total number of units of each Accused Product supplied or sold by AOS pursuant to the contract; the total dollar revenues for such sales; the average price per unit charged for such sales; the serial number of each Accused Product; and the gross profit and net incremental profit for each sale.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as seeking information that is confidential, proprietary, and/or competitively sensitive.   AOSI objects to this interrogatory as unduly burdensome and unreasonable. AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 3:

With respect to the revenue, gross profit, and net incremental profit information provided in response to Interrogatory Nos. 2 and 3, describe in detail how those were calculated, including without limitation the fixed and variable costs of manufacturing and selling each unit and the type and manner of each calculation of each deduction used to arrive at net profits.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as seeking information that is confidential, proprietary, and/or competitively sensitive.   AOSI objects to this

interrogatory as unduly burdensome and unreasonable. AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 4:

For claims 1-6 of the '849 patent, state the factual basis and reasons that AOS contends that AOS has not infringed, and is not infringing these claims, either literally or under the doctrine of equivalents. In providing an answer to this Interrogatory, for each limitation of claims 1-6, state whether a component corresponding to such claim limitation is present in the Accused Products, either literally or under the doctrine of equivalents.

**ANSWER:** AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable. Subject to the foregoing objections, in the AOSI M83526/16 and /17 connectors, the first connector face does not fit against the second forward surface of the second insert cap tower, and Claim 1 requires "said first connector face fitting against a second forward surface of the second insert cap tower." Claims 2 through 6 are dependent upon Claim 1.

## INTERROGATORY NO. 5:

Describe in full detail all facts that support the following allegation made by you:

Fiber Systems' claims of patent infringement are barred, in whole or in part, in District Court, under 28 U.S.C. § 1498(a) because the allegedly infringing products are used or manufactured by or for the United States, and Fiber Systems' exclusive remedy is an action against the United States in the United States Court of Federal Claims.

*See* Docket No. 5 at 4.

**ANSWER:** AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as seeking information that is confidential, proprietary, and/or competitively sensitive. AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.

## INTERROGATORY NO. 6:

For claims 1-6 of the '849 patent, state the factual basis and reasons that AOS contends that such claims are invalid pursuant to each of 35 U.S.C. § § 101, 102, 103 and 112, if that is AOS' contention. In providing an answer to this Interrogatory, identify each specific subsection

(e.g. section 102(b)(1)(A) or paragraph (e.g. section 112, para. 2, or 35 U.S.C.) that applies. For allegations based on sections 102 and 103, identify each item of prior art, prior use or prior sale, if any, that AOS relies upon, and the specific disclosures and/or teachings that AOS relies upon in each item of prior art. If AOS contends that two or more items of prior art must be combined to render a patent claim invalid, state which limitation(s) of claims 1-6 are taught or suggested by which reference(s), and the motivation for making the combination. For allegations based on section 112, para. 2, state with particularity whether AOS is relying on the description or enablement requirement, or both.

**ANSWER:** AOSI incorporates by reference the information contained in Defendant's Invalidity Contentions, including Exhibits A through E thereof, dated September 7, 2007.


## INTERROGATORY NO. 7:

Describe in full detail all facts that support the following allegation made by you:

The '849 Patent is unenforceable against Applied Optical because of estoppel, laches, unclean hands, and/or applicable equitable doctrine.

*See* Docket No. 5 at 4.

**ANSWER:** AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.


## INTERROGATORY NO. 8:

Describe in full detail all facts that support the following allegation made by you:

Upon information and belief, Fiber Systems' claims are unenforceable against Applied Optical because Applied Optical or the United States Government has a license, express or implied, to the '849 Patent.

*See* Docket No. 5 at 5.

**ANSWER:** AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007. AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.

**INTERROGATORY NO. 9:**

Describe in full detail all facts that support the following allegation made by you:

Upon information and belief, Applied Optical is exempt from liability for infringement, in whole or in part, to the extent that the United States Government has rights in the '849 Patent.

*See* Docket No. 5 at 5.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.

**INTERROGATORY NO. 10:**

Describe in full detail all facts that support the following allegation made by you:

This case is an exceptional case under 35 U.S.C. § 285 entitling Applied Optical to an award of attorneys' fees and costs.

*See* Docket No. 5 at 5.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable in that it seeks "all facts" supporting an allegation.

**INTERROGATORY NO. 11:**

Identify by name, address and telephone number of all Persons, both past and present, responsible for (a) researching; (b) designing; (c) development; (d) manufacturing; (e) supplying; (f) advertising and marketing; and/or the (g) sales of the Accused  Products and identify the specific responsibilities of each Person.

**ANSWER:**

Venkata Raju Penumatcha, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, design and development.

Arthur J. Willems, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, manufacturing and supply.

Daniel Roehrs, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, sales.

G. Thomas Hazelton, Jr., 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, development, marketing, advertising, and sales.

R. Michael Flower, 1700 Capital Avenue, Suite 50, Plano, Texas  75074, 972-509-1500, development including communications with DSCC regarding the development of MIL-PRF-83526/16 and 17.


## INTERROGATORY NO. 12:

Identify the dates when the Accused Products were (a) first conceived; (b) first reduced to practice; (c) first offered for sale in the United States; and (d) first sold in the United States.

## ANSWER:

(a) August 2004.
(b) May or June 2005.
(c) June 22, 2005.
(d) August 2005.


## INTERROGATORY NO. 13:

Identify all searches, investigations, reviews, opinions, reports or studies conducted by or for AOS or in AOS' possession, concerning the patentability, validity, infringement, or enforceability of any claim of the '849 patent; describe the results of each such search, investigation, review, opinion, report or study; and identify the person(s) who authored and received such search, investigation, review, opinion, report or study.

**ANSWER:** AOSI objects to this interrogatory as seeking information protected by the attorney-client privilege, the attorney work-product privilege, and/or the party communication privilege. Subject to the foregoing objections, AOSI incorporates by reference the Request for Reexamination filed with the United States Patent and Trademark Office on January 14, 2007.


## INTERROGATORY NO. 14:

If AOS contends or believes that non-infringing alternatives exist for the '849 patent, state in detail the basis for the contention or belief (including without limitation, by identifying the manufacturer/source and model/part number of each non-infringing alternative and the period of time for which it was or is available).

**ANSWER:**  AOSI has not determined whether hermaphroditic fiber optic connectors compliant with MIL-PRF-83526/16 and 17 manufactured and sold by third parties infringe the '849 patent; however, AOSI is aware that such connectors are manufactured and/or sold by Delphi Connectors Systems as the Delphi Fiber Optic Connector Assembly (DFOCA), Glenair, Inc. as the GFOCA 4 Channel Fiber Optic Connection System, Timbercon as the MIL-PRF-83526, and Stran Technologies, Inc. as the TFOCA GenX.

## INTERROGATORY NO. 15:

Describe in detail any and all meetings, discussions or communications, either internally or externally between AOS and any third party regarding FSI, the '849 patent, infringement by the Accused Products, or validity or enforceability of the '849 patent by providing the date; the name, address, and telephone number of each person involved; and the substance of the discussion or communications.

**ANSWER:**  AOSI objects to this interrogatory as seeking information protected by the attorney-client privilege, the attorney work-product privilege, and/or the party communication privilege. AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable. Subject to the foregoing objections, there have been no non-privileged meetings, discussions, or communications regarding infringement or non-infringement of the '849 patent by the AOSI M83526/16 and /17 or the validity or enforceability of the '849 patent.

## INTERROGATORY NO. 16:

With respect to Daniel Roehrs, state the date that Mr. Roehrs first became a shareholder in AOS, the number of shares owned by Mr. Roehrs when he first became a shareholder and the total shares of AOS outstanding at that time, the total number of shares currently owned by Mr. Roehrs and the total number of shares of AOS currently outstanding, the date Mr. Roehrs first became employed by AOS and his title/position, and all subsequent titles/positions held by Mr. Roehrs and the dates he received those titles/positions and identify every contract or agreement that Mr. Roehrs executed on behalf of AOS by providing the dates and parties to those agreements.

**ANSWER:**  AOSI objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated July 9, 2007.  AOSI objects to this interrogatory as seeking information that is confidential, proprietary, and/or competitively sensitive.  AOSI objects to this interrogatory as intruding on the personal privacy rights of a third party.  AOSI objects to this interrogatory as overly broad, unduly burdensome, and unreasonable.  AOSI objects to this interrogatory, in part, as seeking information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 17:

Separately for each Interrogatory, identify the person(s) who furnished information used to answer such Interrogatory, and identify all documents consulted, used, or reviewed in formulating the Answer to each Interrogatory.

**ANSWER:**   AOSI objects to this interrogatory as unduly burdensome and unreasonable. Subject to the foregoing objections:

As to all interrogatories:  G. Thomas Hazelton, Jr., 1700 Capital Avenue, Suite 50, Plano, Texas 75074, 972-509-1500.

AOSI further refers FSI to the documents being produced in connection with AOSI's Objections and Responses to FSI's Amended First Set of Requests for Production.