IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| vs. | § § | 2-06-CV-473 |
| APPLIED OPTICAL SYSTEMS, INC., | § § § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Applied Optical Systems, Inc. ("AOSI") files this Response to the Motion for Judgment on the Pleadings [doc. 270] filed by Fiber Systems International, Inc. ("FSI"), as follows:

**I.   INTRODUCTION**

FSI's motion for judgment on the pleadings is moot because it is directed to AOSI's First Amended Answer and Counterclaims, which has been superceded by a subsequent amended pleading. The Court recently granted FSI's motion for leave to file its Second Amended Complaint. In response, AOSI filed its Original Answer and Counterclaim to the Second Amended Complaint. Although AOSI contends that its previous pleading was sufficient to satisfy the pleading standards of Rules 8(a) and 9(b), as applicable, AOSI's amended answer and counterclaims allege more specifics regarding the "who, what, when, where, and how" complained of in FSI's motion for judgment on the pleadings. Accordingly, FSI's motion for judgment on the pleadings should be denied as moot.

## II. PROCEDURAL BACKGROUND

On November 14, 2006, FSI filed its Original Complaint, alleging infringement of U.S. Patent No. 6,305,849 B1 ("the '849 B1 Patent").[1] On January 8, 2007, AOSI filed its Original Answer to the Original Complaint.[2] On December 29, 2008, AOSI filed an Amended Answer and Counterclaims to the Original Complaint.[3]

On April 7, 2009, FSI filed a First Amended Original Complaint, alleging infringement of the newly issued '849 C1 Patent.[4] On April 27, 2009, AOSI filed an Original Answer and Counterclaims to the First Amended Complaint.[5] On May 20, 2009, FSI filed a First Amended Answer to AOSI's counterclaim.[6] FSI did not file a Rule 12(b)(6) motion to dismiss any of the asserted counterclaims and instead answered the counterclaims.

On June 9, 2009, FSI filed a motion for leave to file a Second Amended Complaint, which attached a copy of the proposed amended complaint.[7] On October 1, 2009, the Court entered an order granting FSI's motion for leave to file the Second Amended Complaint.[8] Pursuant to the Court's Local Rules, upon entry of the order granting the motion for leave, FSI's

---

[1] *See* Plaintiff Fiber Systems International Inc.'s Original Complaint for Patent Infringement [doc. 1]; s*ee also* Proposed Second Amended Complaint [doc. 229-2].

[2] *See* Defendant's Answer and Affirmative Defenses to Plaintiff's Original Complaint for Patent Infringement [doc. 5].

[3] *See* Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's Original Complaint for Patent Infringement and Defendant's Counterclaims Against Plaintiff [doc 162].

[4] *See* Plaintiff Fiber Systems International Inc.'s First Amended Original Complaint for Patent Infringement [doc. 207].

[5] *See* Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Original Complaint for Patent Infringement and Defendant's Counterclaims Against Plaintiff [doc. 217].

[6] *See* Fiber System International, Inc.'s First Amended Reply and Affirmative Defenses to AOS's Counterclaim [doc. 222].

[7] *See* Fiber Systems International, Inc.'s Opposed Motion for Leave to File its Second Amended Original Complaint [doc. 229]; *see also* Proposed Plaintiff Fiber Systems International Inc.'s Second Amended Original Complaint for Patent Infringement [doc. 229-2].

[8] *See* Order, dated October 1, 2009 [doc. 279].

Second Amended Complaint was deemed filed as of June 9, 2009, with AOSI's response date running from the date of the order.[9] On October 2, 2009, AOSI filed an Original Answer and Counterclaims to FSI's Second Amended Complaint.[10]

### III. ARGUMENTS AND AUTHORITIES

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."[11] As a result, FSI's motion for judgment on the pleadings—which was directed to AOSI's First Amended Answer and Counterclaims to the First Amended Complaint [doc. 217]—is moot in light of AOSI's Original Answer and Counterclaims to the Second Amended Complaint [doc. 281], which does not refer to and adopt or incorporate by reference the earlier pleading.[12] Accordingly, FSI's motion for judgment on the pleadings should be denied as moot.

---

[9] *See* Local Rule CV-7(k) ("Motions for Leave to File. With the exception of motions to exceed page limitations, motions for leave to file a document must be accompanied by the document sought to be filed. The motion and the document should be filed separately. ***If the motion for leave to file is granted, the document will be deemed to have been filed as of the original date of its filing.*** If the motion is denied, the previously filed document will be stricken. ***The time for filing any responsive documents shall run from the date of the order granting the motion for leave to file.***") (emphasis added).

[10] *See* Defendant's Original Answer and Counterclaims to Plaintiff's Second Amended Original Complaint [doc. 281].

[11] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).

[12] *See, e.g., Miller v. City of Yoakum,* Civ. No. V-09-35, 2009 WL 2855054, *2 (S.D. TX Aug. 31, 2009) ("An amended complaint supersedes a prior complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts the earlier pleading. . . . Because the currently pending motions to dismiss address only the claims in Plaintiff's Original Complaint, the Court DENIES the motions as moot.") (citing *King*, 31 F.3d at 346 and *Boelens*, 759 F.2d at 508); *Hailstalk v. Antique Auto Classic Car Storage, LLC*, Civil Action No. 07-5195 (NLH), 2008 WL 4192275, *2 (D. N.J. 2008) ("Defendants also moved to dismiss plaintiff's original complaint. Since an amended complaint supersedes the original complaint, the motion to dismiss the original complaint will be denied as moot."); *see also Nelson v. Adams USA, Inc.*,

AOSI's new live pleading contains more detail as to the "who, what, when, where, and how" complained of in FSI's motion for judgment on the pleadings.  For example, the claim of inequitable conduct recites the specific conduct, representations, and omissions before the Patent Office that AOSI contends constitute inequitable conduct and fraud on the Patent Office.[13]  The allegations of fraud,[14] antitrust violations,[15] and impermissible broadening[16] in the new live pleading are likewise set forth with requisite detail.  Thus, the bases for FSI's motion for judgment on the pleadings are moot.

## IV.   CONCLUSION

For the reasons stated above, AOSI respectfully requests that the Court deny this motion for judgment on the pleadings and grant AOSI also requests all other and further relief to which it is entitled.

---

529 U.S. 460 (2000) ("[As Rule 15(a)] indicates, pleading in response to an amended complaint is a prerogative of parties[.]"); *MacFarland v. Walker*, 214 F.3d 1349 (5th Cir. 2000) (table) ("MacFarland's amended complaint superseded the original complaint.  The district court erred in failing to address the amended complaint in dismissing MacFarland's claims as frivolous and for failure to state a claim."); *Miller v. American Export Lines, Inc.*, 313 F.2d 218, 218 (2d Cir. 1963) ("Since the court did not have the amended complaint before it, its ruling dismissed a complaint that had already been withdrawn and the judgment was a nullity."); *United States v. Shofner Iron and Steel Works*, 71 F. Supp. 161, 162 (D. Oregon 1947) ("As the amended complaint supersedes the original complaint no motion of any kind can now be addressed to the original complaint as it performs no function in the action and the motion is denied in its entirety[.]").

[13] *See* Original Answer and Counterclaims to Second Amended Complaint [doc. 281] at 11-15, 19-20,  21-22 ¶¶ 27-43, 64, 69-73.

[14] *Id*. at 7-11, 27-28 ¶¶ 11-26, 98-106.

[15] *Id*. at 17-18, 22-25 ¶¶ 48-58, 74-90 (relying in part on the allegations of fraud and inequitable conduct, supra).

[16] *Id*. at 15-16, 20 ¶¶ 44-47, 66.

Respectfully submitted,

By: */s/ J. Robert Arnett II*
    E. Leon Carter
    Texas State Bar No. 03914300
    Email: lcarter@munckcarter.com
    J. Robert Arnett II
    Texas State Bar No. 01332900
    Email: barnett@munckcarter.com
    William A. Munck
    Texas State Bar No. 00786127
    Email: wmunck@munckcarter.com
    Robert D. McCutcheon
    Texas State Bar No. 00789480
    Email: rmccutcheon@munckcarter.com
    S. Wallace Dunwoody
    Texas State Bar No. 24040838
    Email: wdunwoody@munckcarter.com

    MUNCK CARTER, LLP
    600 Banner Place Tower
    12770 Coit Road
    Dallas, Texas 75251
    (972) 628-3600 Telephone
    (972) 628-3616 Telecopier

    **ATTORNEYS FOR DEFENDANT**
    **APPLIED OPTICAL SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served on all counsel of record via ECF, in accordance with the Federal Rules of Civil Procedure, on October 8, 2009.

    */s/ J. Robert Arnett II*
    J. Robert Arnett II