IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:06-CV-473 |
| APPLIED OPTICAL SYSTEMS, INC. | § | |

# REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned issues the following report and recommendation on AOSI's motion for summary judgment regarding intervening rights (#205) and AOSI's motion for summary judgment regarding impermissible broadening of claims during reexamination (#275). The motion for summary judgment regarding intervening rights (#205) should be granted in part and denied in part. The motion for summary judgment regarding impermissible broadening of claims during reexamination (#275) should be denied.

**I.   AOSI's motion for summary judgment regarding intervening rights (#205).**

In this motion, AOSI contends that the court should dismiss any claim for damages arising from activity committed by AOSI before March 31, 2009, the date of the issuance of the reexamination certificate. Fundamentally, AOSI contends that the reexamination certificate substantially narrowed the claims such that AOSI is entitled to intervening rights until March 31, 2009.

FSI does not substantively dispute that it narrowed its claims in reexamination. FSI also does

not dispute that AOSI is entitled to intervening rights. Instead, FSI contends that AOSI may have offered to sell certain products prior to March 31, 2009, but did not actually complete the sales until the products were manufactured after March 31, 2009. According to FSI, AOSI is not entitled to intervening rights exempting such sales from liability for damages.

After considering the evidence and the arguments of the parties, the undersigned concludes that both parties' positions have some merit. AOSI is entitled to summary judgment with respect to any sales of its connector products that occurred prior to March 31, 2009. In this regard, AOSI is entitled to summary judgment for all products actually sold and delivered prior to March 31, 2009. FSI may not recover a royalty on such products. AOSI is not entitled to summary judgment for any sales occurring after March 31, 2009, including those in which an offer for sale occurred before March 31, 2009, and the product was not manufactured until after March 31, 2009. In addition, nothing in this report and recommendation should be read as expressing any view of the undersigned that documents dated prior to March 31, 2009 are irrelevant for discovery purposes. As discussed at the hearing held on this matter, such documents are relevant and should have been produced in this case.

**II. AOSI's motion for summary judgment regarding impermissible broadening of claims during reexamination (#275).**

In this motion, AOSI contends that FSI impermissibly broadened certain aspects of the claims during reexamination. As a result, AOSI contends that the claims of the patent are rendered invalid. FSI disputes AOSI's contentions. The undersigned agrees with FSI that no impermissible broadening occurred and recommends that the motion for summary judgment be denied.

Title 35 U.S.C. § 305 provides "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding." A finding of impermissible broadening renders the claim entirely invalid and is a defense to an infringement suit. *Quantum Corp. v. Rodime, PLC*, 65 F.3d 1577, 1584 (Fed. Cir. 1995). In support of its motion, AOSI compares the language of originally issued claim 1 to the language of reexamined claim 1. Originally issued claim 1 required:

> a first housing having a first connector face, *a first insert cap tower with and two first tangs [sic] which extend forward of said first connector face*, wherein said first two tangs and said first insert cap tower are spaced apart to extend forward of said first connector face in a keyed arrangement for reciprocally engaging a second housing having *a second insert cap tower with two second tangs*, said two first tangs fitting adjacent to the second insert cap tower, said first insert cap tower fitting adjacent to the second insert cap tower and the second tangs, and said first connector face fitting against a second forward surface of the second insert cap tower. . . .(emphasis added).

In the reexamination, the patentee amended the claim to require the following:

> (a)(i) a first housing having <u>a first insert cap, wherein the first insert cap comprises</u> a first connector face, a first insert cap tower [with] <u>and</u> two tangs;
> (a)(ii) <u>wherein the first insert cap tower and the two first tangs</u> [which] extend forward of said first connector face;
> (a)(iii) wherein said two first tangs and said first insert cap tower are spaced apart to extend forward of said first connector face in a keyed arrangement for reciprocally engaging a second housing;
> (a)(iv) <u>wherein the second housing includes</u> [having] a <u>second insert cap that includes a</u> second insert cap tower [with] <u>and</u> two second tangs, . . . .[1]

With respect to these limitations, AOSI contends that the new claim language is broader than the original claim language. AOSI focuses on the language related to the second housing and the second insert cap. In particular, AOSI argues that the original claim required a second housing having a second insert cap tower *with* two second tangs. In other words, according to AOSI, the

---

[1] The underlined portions reflect the claim language added during reexamination. The bracketed material is language that was deleted.

original claim required the second insert cap tower to have (or be connected to) two tangs. The new language, however, requires a second housing that has a second insert cap that includes a second insert cap tower *and* two second tangs. Under AOSI's view of the amended claim language, the requirement that the second insert cap tower itself have two tangs has been removed, and all that is required is the second insert cap have a second insert cap tower and two second tangs.

FSI argues that no impermissible broadening occurred. According to FSI, the specification discloses hermaphroditic connectors, and the disclosed drawings reflect that the second insert cap have both a second insert cap tower and two tangs. FSI urges that the proper construction of the original claim language would include the preferred embodiment disclosed in the drawings, which discloses a second insert cap having a second insert cap tower and two second tangs–just as required by the claim language as clarified in the reexamination.

FSI's argument is persuasive. Figure 1 of the drawings discloses a second insert cap having a second insert cap tower and two second tangs disposed on the insert cap, not on the insert cap tower. AOSI explicitly argues that originally issued claim 1 did not read on the preferred embodiment. As FSI points out, a claim construction that would exclude the preferred embodiment is rarely, if ever correct, and requires highly persuasive evidentiary support. *Lucent Tech. v. Gateway*, 525 F.3d 1200, 1214 (Fed. Cir. 2008). AOSI has not made that showing here. The proper construction of originally issued claim1 would require a second insert cap having a second insert cap tower and two second tangs as disclosed in Figure 1. The new claim language merely clarifies that claim scope and does not impermissibly broaden the claims. AOSI's motion for summary judgment (#275) should therefore be denied.

## III. Conclusion.

AOSI's motion for summary judgment regarding intervening rights (#205) should be granted to the extent that FSI cannot recover damages for products sold prior to March 31, 2009. AOSI is not entitled to summary judgment on products for which an offer for sale occurred before March 31, 2009, and such products were not manufactured until after March 31, 2009. AOSI's motion for summary judgment regarding impermissible broadening of claims during reexamination (#275) should be denied.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within ten days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations, and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 26th day of October, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE