# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC. | § § § | |
| vs. | § § | CASE NO. 2:06-CV-473 |
| APPLIED OPTICAL SYSTEMS, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Pending before the court is the plaintiff Fiber Systems International, Inc.'s ("FSI") motion for summary judgment (Dkt. No. 260) on the defendant Applied Optical Systems, Inc.'s ("AOSI") affirmative defenses and counterclaims. For the reasons discussed below, the motion for summary judgment is GRANTED in part and DENIED in part.

**II.  Factual and Procedural Background**

FSI filed its complaint on November 14, 2006 against AOSI; FSI currently alleges infringement of U.S. Patent No. 6,305,849 C1 ("the '849 patent"). On March 8, 2007, the USPTO granted AOSI's request for ex parte reexamination of claims 1-6 of the '849 patent. On August 22, 2008, the USPTO issued a non-final office action in the reexamination proceedings, rejecting claims 1-6 of the '849 patent as obvious. Based upon FSI's amendments to the '849 patent claims, the USPTO issued a reexamination certificate on March 31, 2009.

As a response to FSI's infringement claim, AOSI has raised eight affirmative defenses and counterclaims: (1) patent invalidity, (2) inequitable conduct, (3) impermissible broadening of claims, (4) unenforcability due to express or implied license, (5) patent misuse, (6) antitrust violations, (7) unfair competition, and (8) fraud and negligent misrepresentation. FSI argues that there is no

evidence to support any of these eight affirmative defenses and counterclaims, so summary judgment should be granted.

## III. Analysis

### A. Applicable Law Regarding Motions for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The standard for deciding a summary judgment motion is a procedural question, to which the Federal Circuit applies the law of the regional circuit. *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1572 (Fed. Cir. 1997). The movant has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221-23 (5th Cir. 1985). In deciding a motion for summary judgment, the court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48. In making this threshold inquiry, the court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Smith v. Xerox Corp.*, 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted).

Once the movant makes a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 324. Rather, it must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g.*, *Burleson v. Tex. Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Factual controversies are to be resolved in the nonmovant's favor only when both parties have submitted evidence of contradictory facts. *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004). The facts as presented by the moving party must be accepted as true if the nonmoving party fails to submit any competent evidence that creates a general issue of material fact. *Id.*; Local R. CV-56(c).

**B.     Patent Invalidity**

AOSI contends that the '849 patent is invalid on grounds of anticipation, obviousness, and lack of enablement. FSI argues that insufficient evidence exists to support these defenses, so summary judgment should be granted. Each of these invalidity contentions will be discussed below.

3

*1. Anticipation*

AOSI argues that the '849 patent is invalid for anticipation. An applicant is not entitled to a patent if the invention is in public use or on sale in the United States for more than one year prior to filing his application. 35 U.S.C. § 102(b). The '849 patent claims priority to provisional application no. 60/119,227, filed February 9, 1999. But this provisional application describes an ink jet printer, which is clearly unrelated to the subject matter of the '849 patent. Therefore, AOSI argues, FSI cannot claim priority to the provisional application filing date, and the patent is invalid because the invention was on sale for more than one year before the '849 patent was filed.

FSI responds that its declaration had a single-digit typographical error, and the '849 patent actually claims priority to provisional application no. 60/119,2_7_7, not 60/119,2_2_7. Other documents submitted to the USPTO contained this correct provisional application number. FSI argues that the '849 patent should not be invalidated because of a simple typographical error. District courts are empowered to correct harmless typographical errors. *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005). In this case, it is apparent that FSI intended to claim priority to the 60/119,277 application, not to an inkjet printer. Therefore, the court will treat the '849 patent as properly claiming priority to the 60/119,277 application. As such, the motion for summary judgment dismissing AOSI's anticipation defense is granted.

*2. Obviousness*

AOSI also contends that the '849 is invalid due to obviousness. A patent is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). In determining obviousness,

4

the court must make the following factual inquiries: (1) scope and content of the prior art, (2) differences between the prior art and the claims at issue, and (3) the level of skill in the pertinent art. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). The court also considers secondary factors, such as "as commercial success, long felt but unsolved needs, failure of others, etc." *Id.* at 17-18.

AOSI argues that the '849 patent is merely an obvious combination of elements that were already familiar in the art. It would be obvious to ordinary skilled artisans, according to AOSI, to add additional tangs and an interlocking inner sleeve. FSI claims that summary judgment is proper because AOSI has not provided any Rule 26 expert reports on obviousness. In *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567 (Fed. Cir. 1984), however, the Federal Circuit stated that an invention may be easily understandable without the need for expert explanatory testimony. *Id.* at 1573. In this case, FSI has not established that its invention is sufficiently complex to require expert testimony. Thus, summary judgment on the issue of obviousness is denied.

       *3.  Lack of Enablement*

FSI requests summary judgment on AOSI's claim of invalidity due to lack of enablement. According to FSI, AOSI has produced no admissible evidence in support of its affirmative defense of lack of enablement. In its response brief (Dkt. No. 301), AOSI does not address enablement or FSI's request for summary judgment on enablement. The court will deem AOSI's silence as conceding the issue of enablement; thus summary judgment is granted.

  **C.  Inequitable Conduct**

AOSI contends that the '849 patent is unenforceable because of inequitable conduct. Patent applicants and attorneys representing them have a duty to prosecute patent applications with candor, good faith, and honesty. 37 C.F.R. § 1.56; *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed.

5

Cir. 1995). To prove inequitable conduct, AOSI must show, by clear and convincing evidence, (1) that the applicant breached its duty either by making an affirmative misrepresentation of material fact, failing to disclose material information, or by submitting false material information; and (2) that the applicant intended to deceive the USPTO. *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed. Cir. 2007).

FSI argues that AOSI has no evidence to support its inequitable conduct defense, so summary judgment should be granted. AOSI responds that FSI knew of the FS3H connector and assembly instructions, which were material to patentability, but FSI intentionally withheld these items of prior art during the reexamination proceeding. The court finds that AOSI has established a genuine issue of material fact, and therefore FSI's motion for summary judgment on inequitable conduct is denied.

D. **Impermissible Broadening of Claims**

AOSI argues that FSI impermissibly broadened the scope of its claims during reexamination, and therefore, the '849 patent is invalid. For essentially the reasons outlined in the Report and Recommendation filed by the Magistrate Judge, AOSI's defense lacks merit, and FSI is entitled to summary judgment on this defense.

E. **Unenforcability Due to Express or Implied License**

AOSI states that its answer to the live complaint (Dkt. No. 281) does not allege express or implied license as an affirmative defense. Therefore, the court denies as moot FSI's motion for summary judgment on unenforcability due to express or implied license.

F. **Patent Misuse**

AOSI states that its answer to the live complaint does not allege patent misuse as a

counterclaim. Therefore, the court denies as moot FSI's motion for summary judgment on patent misuse.

> **G. Antitrust Violations, Unfair Competition, & Fraud and Negligent Misrepresentation**

AOSI's answer raises counterclaims against FSI for antitrust violations, unfair competition, and fraud and negligent misrepresentation. As to the antitrust counterclaim, FSI's inequitable conduct allegedly rises to the level of *Walker Process* fraud, and thus violates the Sherman Act. *See Walker Process Equip., Inc v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174 (1965). In addition, FSI allegedly reneged on its promise to provide AOSI a royalty-free license, and this breach of promise constitutes unfair competition, *see Taylor Pubs. Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000), and fraud and negligent misrepresentation under Texas law, *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434-35 (Tex. 1986).

Under Rule 42(b), the district court may sever and order a separate trial on any claim or counterclaim when such severance would be convenient or would avoid prejudice. Fed. R. Civ. P. 42(b); *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). The decision to sever is within the sole discretion of the district court. *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 1930299, at *7 (E.D. Tex. Apr. 30, 2008).

The court finds that the trial of the antitrust counterclaim in this patent infringement suit poses a significant risk of confusion for the jury. Therefore, the court *sua sponte* orders a separate trial of AOSI's antitrust counterclaim. As such, FSI's motion for summary judgment on this counterclaim is carried with the case. The court denies the motion for summary judgment on the

7

claim for unfair competition, fraud, and negligent misrepresentation.

## IV. Conclusion

For all the foregoing reasons, the court grants in part and denies in part the motion for summary judgment.

SIGNED this 26th day of October, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE