# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FIBER SYSTEMS INTERNATIONAL, INC. | § § § | |
| vs. | § | CASE NO. 2:06-CV-473-TJW-CE |
| APPLIED OPTICAL SYSTEMS, INC. | § § § | |

## ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 438), which contains his recommendation that the court grant the defendant Applied Optical Systems, Inc.'s ("AOSI") motion to dissolve the preliminary injunction and retain the injunction bond (Dkt. No. 373), has been presented for consideration. The plaintiff Fiber Systems International, Inc. ("FSI") has filed an objection to Judge Everingham's report and recommendation (Dkt. No. 441).

On March 31, 2008, the court preliminarily enjoined AOSI from selling its accused products to non-Government entities (Dkt. No. 115). The court set an injunction bond of $250,000. On November 19, 2009, a jury found that AOSI's products do not infringe FSI's asserted patent claim (Dkt. No. 364).

FSI first argues that the court should not dissolve the preliminary injunction because "FSI anticipates pursuing its post-trial legal remedies before this Court" (Dkt. No. 441, at 1). The jury's verdict raises a substantial question concerning infringement, however, and thus the preliminary injunction should not continue. *Cf. Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001) (holding that a preliminary injunction should not issue if the defendant raises a substantial question concerning infringement).

FSI also objects to the recommendation that the court retain the plaintiff's injunction bond. Rule 65(c) states that "[t]he court may issue a preliminary injunction . . . only if the movant gives security . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined." According to FSI, there is no basis for retaining the injunction bond because AOSI:

> (i) offered no admissible evidence of non-infringement until trial and effectively conceded that its first Accused Device infringed the '849 patent during the injunction hearing; (ii) argued that it ceased all commercial sales of the Accused Device before the entry of the injunction and cannot possibly show damages related to the injunction; and (iii) cannot show that FSI sought the injunction in bad faith.

(Dkt. No. 441, at 1-2). As to FSI's first argument, the plaintiff has provided no authority supporting its argument that a party may waive its right to wrongful injunction damages by failing to raise defenses. *See Nintendo of Am. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1037-38 (9th Cir. 1994) (rejecting argument that enjoined defendant engaged in sandbagging by raising additional defenses at trial). Second, the court cannot conclude at this time that AOSI "cannot possibly show damages related to the injunction." AOSI is entitled to provide evidence demonstrating that it lost potential commercial sales opportunities due to the injunction. Third, recovery of damages from a wrongful injunction does not require proof of bad faith. *See Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1059 (8th Cir. 2006) (explaining that a party is wrongfully enjoined if it had the right to do what it was enjoined from doing); *id.* at 1036 (same); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) (same); *cf. Continuum Co. v. Incepts, Inc.*, 873 F.2d 801, 803 (5th Cir. 1989) ("[T]he amount of the [injunction] bond is the limit of the damages the defendant can obtain for a wrongful injunction, provided the plaintiff was acting in good faith.").

In sum, the court is of the opinion that the conclusions of the Magistrate Judge are correct.

Therefore, the court adopts, in its entirety, the report of the United States Magistrate Judge as the conclusions of this court. Accordingly, AOSI's motion to dissolve the preliminary injunction and retain the injunction bond (Dkt. No. 373) is GRANTED. As such, the preliminary injunction is DISSOLVED and FSI's injunction bond is retained pending a hearing on AOSI's alleged wrongful injunction damages.

SIGNED this 3rd day of August, 2010.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE